[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 23, 2002
THOMAS K. KAHN
CLERK

No. 01-16442

_____

D. C. Docket No. 01-01601-B-S

DANNY JOE BRADLEY,

Petitioner-Appellant,

versus

BILL PRYOR, Attorney General
for the State of Alabama,
in his official capacity,
J C UPSHAW DOWNS, MD, Director
and Chief Medical Examiner,
Alabama Department of Forensic
Sciences-Headquarters, Auburn, AL,
in his official capacity,
JOE HUBBARD, District Attorney
for Calhoun County,
DISTRICT ATTORNEY OFFICE,
for Calhoun County,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 23, 2002)

Before EDMONDSON, Chief Judge, and BIRCH and BARKETT, Circuit Judges.

BARKETT, Circuit Judge:

Danny Joe Bradley, an Alabama prisoner under sentence of death, appeals the district court's dismissal of his suit to compel the government to produce evidence for DNA testing. The court held that Bradley's suit, which was filed pursuant to 42 U.S.C. § 1983, was the "functional equivalent" of a petition for habeas corpus, and should therefore be dismissed as a second or successive habeas petition filed without the requisite authorization from the Court of Appeals. Bradley now appeals that ruling and argues that his suit was properly brought pursuant to § 1983 because his request for the production of evidence neither directly, nor by necessary implication, attacks the validity of his conviction and sentence. We agree, and accordingly reverse the decision of the district court.

## BACKGROUND

Bradley was convicted of the murder of his stepdaughter, Rhonda Hardin, in 1983 and sentenced to death. He has unsuccessfully pursued relief from his conviction and sentence through a direct appeal, see Bradley v. State, 494 So. 2d 750 (Ala. Crim. App. 1985); Ex parte Bradley, 494 So. 2d 772 (Ala. 1986), state post-conviction proceedings, see Bradley v. State, 557 So. 2d 1339 (Ala. Crim. App. 1989), and federal habeas corpus proceedings, see Bradley v. Nagle, 212 F.3d 559 (11th Cir. 2000). In June, 2001, he initiated the present § 1983 action in the

district court to secure production of certain physical and biological evidence the State had gathered in the course of its investigation and prosecution of Bradley for Hardin's murder. Bradley wishes to conduct DNA testing of the evidence, averring that it will yield results establishing or tending to establish his innocence.

In his complaint, Bradley sought production of a number of items of evidence, some of which he has since obtained pursuant to a state court order. However, he still seeks two items of evidence that the State used at trial to connect him to the crime. First, he seeks the "rape kit" evidence from the autopsy of the victim, including vaginal, rectal and oral swabs, substance smears, and gastric juices. The smears and gastric juices were found to contain semen and spermatozoa, which at trial the prosecution attributed to Bradley. Second, he seeks production of the clothing worn by the victim when her body was discovered; at trial, the State's expert testified that the clothing contained semen stains. The State claims that both the "rape kit" evidence and the victim's clothing are missing. However, Bradley argued in the district court, as he does here, that he is entitled to discovery to test the factual basis for the state's assertion that it no longer possesses the evidence he seeks.[1]

---

[1] The State submitted an affidavit stating that the items Bradley seeks are missing, but Bradley points out that the affidavit evidence is hearsay, and he has not been provided with any opportunity for discovery to develop contrary evidence regarding the availability of the items he seeks.

The magistrate judge recommended dismissing Bradley's § 1983 action, concluding that because Bradley was seeking evidence that might eventually exonerate him, his suit was the "functional equivalent" of a second habeas petition, over which the district court could not exercise jurisdiction because it did not satisfy the procedural prerequisites of 28 U.S.C. § 2244. The magistrate also denied Bradley's motion for discovery. The district court adopted the magistrate's report and recommendation in its entirety and dismissed the action. The court then issued a certificate of appealability on the sole question now before us[2]:

> Whether a 42 U.S.C. § 1983 action initiated by a state prisoner sentenced to death which seeks to compel the state to produce physical evidence for DNA testing and/or to account for such evidence for the purpose of later asserting a claim of actual innocence or a due process claim under Brady v. Maryland, [373 U.S. 83 (1963),] or Arizona v. Youngblood, [488 U.S. 51 (1988),] is the "functional equivalent" of a petition for federal habeas corpus.

We review de novo the dismissal of an action for lack of subject matter jurisdiction. Carter v. Rodgers, 220 F.3d 1249, 1252 n.3 (11th Cir. 2000).

**DISCUSSION**

The Supreme Court first considered the potential overlap between § 1983

---

[2]We note that this case does not address the question of whether Bradley's claim states a cause of action, or of whether a different result would obtain if a federal stay of execution were implicated. Although the Alabama Supreme Court subsequently stayed Bradley's execution pending the outcome of these proceedings, that is a matter for the state court's discretion, and a stay was not part of the relief that Bradley sought in his § 1983 suit.

actions and habeas corpus petitions in <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. <u>Id.</u> at 487-90. Later, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court considered under what circumstances an action for damages pursuant to § 1983—in other words, in which the relief requested does not involve immediate or speedier release—will not lie and must instead be brought as a habeas petition. Sharpening the formula it applied in <u>Preiser</u>, the Court explained that the decisive issue is "whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." <u>Id.</u> at 487. If it would, the Court held that the § 1983 complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. "But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." <u>Id.</u> (emphasis in original).

Bradley argues that his § 1983 suit should be allowed to proceed because success in his suit will not demonstrate the invalidity of his conviction or sentence. We agree. Bradley seeks access, for the purpose of DNA testing, to evidence that

5

he believes is in the State's possession. He prevails in this lawsuit once he has access to that evidence or an accounting for its absence. Nothing in that result necessarily demonstrates or even implies that his conviction is invalid. As Bradley points out, it is possible that the evidence will not exculpate him, or the proof will show that any unavailable evidence was lost innocently. In that case, he would have no grounds subsequently to pursue a challenge to his conviction or sentence. But even if the evidence, after testing, permits Bradley to challenge his sentence, that challenge is no part of his § 1983 suit. He would have to initiate an entirely different lawsuit, alleging an entirely different constitutional violation, in order to demonstrate that his conviction and sentence are invalid.

The State argues that the only reason Bradley wishes to test the evidence is to mount a subsequent challenge to his conviction and sentence, and that his § 1983 suit is therefore the functional equivalent of a habeas corpus proceeding. That argument finds support in a recent Fourth Circuit decision holding that, in a suit to produce evidence for DNA testing, the fact that the plaintiff intends to use the results of the DNA testing to undermine his conviction means that, under Heck, the evidence is properly sought in a habeas corpus proceeding rather than in a suit pursuant to § 1983. See Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002). However, one member of the Harvey panel disagreed with that argument, and

6

pointed out—correctly, in our view—that a plaintiff's successful effort to obtain evidence for DNA testing does not necessarily imply that his conviction and sentence are invalid:

> In this proceeding, Harvey seeks access to the biological evidence held by the Commonwealth's Attorney, and his suit, if successful, would merely result in the Commonwealth's Attorney making the evidence available to him. That act alone—providing Harvey with access to the biological evidence relating to his rape conviction—does not "necessarily imply" the invalidity of Harvey's conviction or sentence. [Heck,] 512 U.S. at 487. Although Harvey might use the evidence, at some future date, to initiate a separate action challenging his conviction, future exculpation is not a necessary implication of Harvey's claim in this case.

Id. at 382-83 (King, J., concurring in part). Moreover, although a subsequent change in state law permitted Harvey to obtain the evidence he sought, Judge Luttig wrote in his concurrence to the denial of rehearing en banc that, were the federal proceedings not rendered moot by the change in state law, he would have voted to hear the case en banc to correct a "fairly clear[]" error in the panel opinion. Harvey v. Horan, 285 F.3d 298, 307 (4th Cir. 2002) (Luttig, J., respecting the denial of rehearing on banc). Judge Luttig wrote:

> I do not believe it even arguable that a post-conviction action merely to permit access to evidence for the purpose of STR DNA testing "necessarily implies" invalidity of the underlying conviction. Indeed, such necessarily implies nothing at all about the plaintiff's conviction. It certainly implies nothing more (and arguably it implies a good deal less) than does an assertion of constitutional right to material and exculpatory information producible under Brady v. Maryland, 373

7

U.S. 83 (1963), which has never been thought necessarily to imply the invalidity of the underlying conviction. The results of any DNA tests that are eventually performed may be inconclusive, they may be insufficiently exculpatory, or they may even be inculpatory. That these scientific possibilities exist, in and of itself, suffices to establish that the asserted right of mere access is not a direct, or for that matter even an indirect, attack on one's conviction or sentence. But if this were not enough to establish the point, then it should be that, in order to overturn a conviction based on exculpatory evidence that might appear from any DNA testing, the petitioner would have to initiate an entirely separate action at some future date, in which he would have to argue for his release upon the basis of a separate constitutional violation altogether.

Id. at 308. For the reasons expressed by Judges King and Luttig, we disagree with the Fourth Circuit panel that Heck does not permit a § 1983 suit for the production of evidence for the purpose of DNA testing. On the contrary, Heck explicitly authorizes a § 1983 action that does not "necessarily imply" the invalidity of the plaintiff's conviction, see Heck, 512 U.S. at 487, and it is clear to us that Bradley's suit does not "necessarily imply" that his conviction is invalid.

The State also contends that a number of Eleventh Circuit decisions support its position that Bradley's suit may proceed only as a habeas corpus petition. First, it notes that in Felker v. Turpin, 101 F.3d 95 (11th Cir. 1996), and Hill v. Hopper, 112 F.3d 1088 (11th Cir. 1997), we held that § 1983 challenges to the constitutionality of electrocution as a means of execution were the "functional equivalent" to a petition for habeas corpus and were therefore subject to the

8

procedural requirements governing second or successive petitions. The State argues that these cases cannot be distinguished from the present one, because just as the evidence might not exculpate Bradley, the plaintiffs in those cases "may not have been given relief," "depending on the district court's rulings and the evidence presented in support of the Eighth Amendment claims." But Alabama is simply pointing out that the plaintiffs might have been unsuccessful in their lawsuits, a consideration that is plainly irrelevant under Heck. Again, Heck states that the relevant inquiry is "whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." 512 U.S. at 487 (emphasis added). Obviously, if the plaintiff loses, the validity of the conviction or sentence has not been called into question. But Heck would be meaningless if the possibility that the plaintiff might lose his § 1983 suit were sufficient to establish that the suit does not necessarily imply the invalidity of the conviction or sentence. That is why the Heck inquiry considers the effect on the conviction and sentence if the plaintiff is successful. If the Felker and Hill plaintiffs were successful—in other words, if the court determined that electrocution was an unconstitutional means of execution—it would "necessarily imply" the invalidity of their sentences of death by electrocution. Accordingly, under Heck, a § 1983 suit does not lie in those cases. But as previously discussed, if Bradley is successful in his lawsuit, his

9

conviction and sentence will not be called into question, since the only thing he will have secured is access to evidence.

The other case cited by the State is similarly distinguishable. In Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995), the plaintiff argued that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him . . . ." Id. at 1064. We held that, under Heck, the action did not lie because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit] 'would necessarily imply the invalidity of his conviction.'" Id. at 1065 (quoting Heck, 512 U.S. at 487). By contrast, Alabama cannot show in this case that judgment in favor of Bradley would necessarily imply the invalidity of his conviction.

We note again that Bradley's suit seeks only the production of evidence. There has been no discovery regarding the State's claim that certain items of evidence are missing, but in any event, that claim does not alter the nature of Bradley's suit. We therefore reverse the decision of the district court and remand for further proceedings.

**REVERSED AND REMANDED.**

EDMONDSON, Chief Judge, specially concurring:

Although I know that other federal circuit courts have reached conclusions inconsistent with my view, I -- largely for the reasons stated by Judge Barkett -- agree that Bradley's 42 U.S.C. § 1983 action is not the functional equivalent of a petition for habeas corpus. I write separately to stress that Bradley has at no time in this federal case asked a federal court to enjoin Alabama from executing him or even to stay his execution until his section 1983 case is decided. The lack of a request for a <u>federal</u> court to stop or to postpone the State execution is important to my decision.

I hint at no view about whether Bradley's lawsuit actually states a claim upon which relief can be granted.

BIRCH, Circuit Judge, specially concurring:

I concur dubitante. If a district court's decision is correct for any reason, then it is due to be affirmed, even though the particular reason given by the district court is erroneous. See Hempel v. United States, 14 F.3d 572, 576 (11th Cir. 1994); Collins v. Seaboard Coastline R.R. Co., 681 F.2d 1333, 1335 (11th Cir. 1982). I am inclined to affirm the judgment based upon my conclusion, tentative though it be, that under the circumstances presented here the petitioner does not enjoy a substantive or procedural due process right to the relief he seeks. Therefore, in my opinion, he does not state a predicate constitutional violation to support his § 1983 claim. However, before a final conclusion should be reached on this unsettled issue, a substantially greater amount of thought and briefing should be pursued: just what rights, if any, does a convicted petitioner, who has exhausted his direct appeals and post-conviction avenues of relief, enjoy relative to discovery and testing of DNA evidence? Perhaps on remand this issue will receive the added scrutiny that it deserves.