[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16373
Non-Argument Calendar

_____

D. C. Docket No. 05-22481-CV-FAM

HUNTLEY H. THOMPSON,

Plaintiff-Appellant,

versus

CHARLES J. CRIST, JR.,
Attorney General,
KATHERINE FERNANDEZ RUNDEL,
Miami-Dade County State Attorney,
TOBY L. WILSON,
MICHAEL HASS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 13, 2006)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Huntley Thompson, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action pursuant to 28 U.S.C. § 1915. Thompson requested that the district court compel the state of Florida to produce and allow independent testing of DNA evidence used in his criminal trial. The magistrate judge's conclusion that Thompson's claim was foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L .Ed. 2d 383 (1994), and thus subject to dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), was adopted by the district court. Thompson argues on appeal that the district court erred because its decision was inconsistent with our opinion in *Bradley v. Pryor*, 305 F.3d 1287 (11th Cir. 2002).

We review *de novo* an appeal from a 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal for failure to state a claim. *Leal v. Georgia Dep't of Corrections*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Pursuant to 28 U.S.C § 1915, the district court may dismiss a case filed *in forma pauperis* at any time if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(i-iii). "A complaint should not be dismissed for failure to state a claim unless it

2

appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief." *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*).

In *Heck*, the Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87, 114 S. Ct. at 2372. If this type of action is brought prior to the invalidation of the challenged conviction or sentence, it must be dismissed. *Heck*, 512 U.S. at 487, 114 S. Ct. at 2372. Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate

3

the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 512 U.S. at 487, 114 S. Ct. at 2372-73. (emphasis in original).

In *Bradley*, we held that a § 1983 action seeking only post-conviction access to DNA evidence used during trial was not barred by *Heck* because prevailing in the action and obtaining access to the evidence would not demonstrate or imply that the prisoner's underlying conviction was invalid. *Bradley*, 305 F.3d at 1290. In fact, allowing access to DNA evidence for testing "necessarily implies nothing at all about the plaintiff's conviction." *Id.* at 1291. For example, the results of DNA testing could be "inconclusive,. . .insufficiently exculpatory, or they may even be inculpatory." *Id.* "That these scientific possibilities exist, in and of itself, suffices to establish that the asserted right of mere access is not a direct, or for that matter even an indirect, attack on one's conviction or sentence." *Id.* Even if a plaintiff "is successful in his lawsuit, his conviction and sentence will not be called into question, since the only thing he will have secured is access to evidence." *Id.* at 1292. Instead, he "would have to initiate an entirely separate action at some future date, in which he would have to argue for his release upon the basis of a separate constitutional violation altogether." *Id.* at 1291.

Because Thompson seeks access to DNA evidence used during his trial, and

4

denies that he is challenging his conviction, we conclude that his action is not barred by *Heck*. *See* 512 U.S. 486-87, 114 S. Ct. at 2372; *Bradley*, 305 F.3d at 1291. Thus, we hold that the district court erred by relying on *Heck* as grounds for concluding that Thompson failed to state a claim pursuant to § 1915, and consequently failing to address whether he sufficiently stated a § 1983 claim. Accordingly, we reverse the district court's judgment and remand this matter for further proceedings to determine whether Thompson's complaint sufficiently alleged a § 1983 cause of action.

**REVERSED and REMANDED.**