BARKETT, Circuit Judge,
specially concurring:
I agree with the majority’s conclusion that dismissal of Bradley’s 42 U.S.C. § 1983 action seeking access to evidence for DNA testing was appropriate because Bradley received the relief he originally requested. I do not believe that the majority’s discussion of Grayson has any bearing on this case.
In his § 1983 action, Bradley prevailed “once he ha[d] access to that evidence or an accounting for its absence.” Bradley v. Pryor, 305 F.3d 1287, 1290 (11th Cir.2002). Bradley received the two bedding items that the state had in its possession. The State has maintained that despite extensive searches it has been unable to locate the remaining two items requested, the rape kit and the victim’s pants. Bradley was permitted to depose three state officials regarding their knowledge of the location and disposition of this evidence. In addition, he was provided with an affidavit from a seventy-one year old witness. None of these witnesses had any information that would lead to the discovery of this missing evidence, thus Bradley has received information pertaining to an “accounting for its absence.” Id.
Moreover, I do not find that Grayson v. King, 460 F.3d 1328 (11th Cir.2006) is applicable to the resolution of Bradley’s § 1983 action. In Grayson, we concluded nothing more than, under the particular circumstances of his case, Grayson had not shown an entitlement to post-conviction access to DNA testing. Id. at 1342 (emphasis added). We specifically declined to decide whether there could ever be such a right. Id. Although we stated that there may be some “extraordinary circum *1232 stances” under which a plaintiff could show entitlement to post-conviction access to DNA testing, we did not go so far as to describe what a defendant would need to show to establish this. Id. at 1339.
Furthermore, the facts relied on by this Court in Grayson in denying his quest for DNA evidence bear no similarity to Bradley’s case. Grayson, who had been convicted for capital murder during a burglary, sought access to DNA testing of the victim’s rape kit, which the State refused to release to him. Grayson, 460 F.3d at 1335. Grayson had admitted on direct and cross-examination at his trial that he had raped the victim, and did not contend that he was innocent of the crime of conviction, capital murder. Id. at 1333, 1334, 1339. Furthermore, we noted that “[t]he requested DNA tests, even if exculpatory, would simply indicate that a third man was involved and had raped [the victim] and would not exclude [the defendant’s] involvement in the capital murder, much less definitively show his innocence.” Id. at 1339. Given these facts, as well as Gray-son’s receipt of a fair trial, we concluded that he had not shown a constitutional or federally protected right to the DNA evidence. Id.
Unlike Grayson, who was denied access to evidence that would not exclude his involvement in the crime of conviction, Bradley has been provided with the relief that he requested in his § 1983 action that he asserts is pertinent to his claim of actual innocence. He was able to perform DNA testing on the evidence that the State had in its possession, namely the bedding items. He also received information from several state officials regarding their knowledge of the whereabouts of the other missing pieces of evidence. There is simply no more available biological or physical evidence to provide to Bradley for DNA testing. Furthermore, he has not presented evidence of bad faith on the part of the State in regard to the loss of the rape kit and victim’s pants.
Accordingly, dismissal of his § 1983 action is appropriate because he obtained all of the relief that he sought, and not because Grayson has any bearing on whether he established a constitutional or federally protected right to that evidence.