[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11144

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01421-CV-LSC-S

SIDNEY GIPSON,
WILLIAM MCGUIRK,
TIMOTHY GUTHERY, and other
similarly situated individuals,
JAMES SASSER,

                                                                Plaintiffs-Appellants,

versus

JEFFERSON COUNTY SHERIFF'S OFFICE,
MIKE HALE, Jefferson County Sheriff,
in his official capacity,
STATE OF ALABAMA,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 4, 2010)

Before EDMONDSON, BARKETT, and ROTH,[*] Circuit Judges.

BARKETT, Circuit Judge:

Sidney Gipson, William McGuirk, Timothy Guthery, and James Sasser ("Plaintiffs") appeal the dismissal of their 42 U.S.C. § 1983 suit against Mike Hale, the Sheriff of Jefferson County, and the State of Alabama. Plaintiffs are civil detainees who have been convicted of a sex offense and have completed their terms of imprisonment but nonetheless are kept in state custody. The State keeps them detained pursuant to Alabama's Community Notification Act (the "Act"), which requires individuals convicted of a sex offense to provide a residential address before the expiration of their sentence or else be "remanded to [] custody at the time of release." Ala. Code § 15-20-22(a)(1)(a). Plaintiffs failed to provide the State with a residential address and, thus, have been kept in custody past the completion of their sentences.

Plaintiffs allege that they are unable to comply with the Act because they are indigent and therefore have no residential address. Proceeding under § 1983, they claim violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, the Ex Post Facto Clause, and wrongful imprisonment. Specifically, Plaintiffs allege that the State is violating their constitutional rights by, *inter alia*,

---

[*] Honorable Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

"automatically imposing incarceration because of indigent status and doing so without a hearing." As relief they seek: (1) a procedure to determine whether they are indigent and if so, how they can comply with the Act without being indefinitely detained; and (2) a declaration that the Act which keeps them detained is unconstitutional because it fails to provide a hearing that addresses their indigency.

The district court held that, because 28 U.S.C. § 2254 is the exclusive remedy for claims where success for the plaintiffs necessarily means "either immediate release from that confinement or the shortening of its duration," see Preiser v. Rodriguez, 411 U.S. 475, 489 (1973), Plaintiffs were precluded from bringing their claim under § 1983, and dismissed the case. Because the district court erroneously applied Preiser to Plaintiffs' claims, we reverse and remand.

## DISCUSSION

Although the district court correctly recognized that § 2254 is the exclusive remedy for claims where success for the plaintiffs would necessarily demonstrate the invalidity of a conviction or shortening of a sentence imposed by a state court, see Preiser, 411 U.S. at 487-89, that is not the claim that Plaintiffs are making here. The essence of Plaintiffs' case is a claim for procedural due process. The district court failed to appreciate that this claim, if successful, would not affect the validity of their conviction nor the resulting sentence imposed, and would not necessarily

3

result in immediate release.[1]  Indeed, the Supreme Court has specifically held that, under these circumstances, such a claim is not precluded by § 2254 and can properly be asserted under § 1983.  Wilkinson v. Dotson, 544 U.S. 74 (2005).

In Wilkinson, state prisoners brought an action under § 1983 seeking declaratory and prospective injunctive relief, claiming that state parole procedures were unconstitutional.  The district court in Wilkinson, as did the district court here, dismissed the inmates' claims, ruling that the claims were only cognizable in a petition for habeas corpus under § 2254.  The Supreme Court disagreed, holding "that § 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner." Id. at 81 (emphasis in original).  Thus, the Court reasoned, § 2254 did not preclude the pursuit of such a procedural claim in a § 1983 action.  Id. at 82.  The Court in Wilkinson recognized that success for the plaintiffs could eventually lead to their release, but concluded that § 2254 did not preclude their § 1983 action because the result of success in their § 1983 action would be an entitlement to a process, not immediate release.  Id.[2]  The Supreme Court also permitted the prisoners to seek

_____

[1] Indeed, all the parties now agree that § 2254 does not have any bearing in this case because Plaintiffs have completed their criminal sentences and therefore could not file a petition under § 2254.  In order to file a habeas petition under § 2254, a person must be "in custody pursuant to the judgment of a State court . . . ."  28 U.S.C. § 2254(b)(1).

[2] See also Bradley v. Pryor, 305 F.3d 1287, 1291 (11th Cir. 2002) (holding § 1983 available where plaintiff was seeking to compel the government to produce evidence for DNA

4

declaratory relief – similar to the declaratory relief sought by Plaintiffs in this case – that the parole procedures were unconstitutional. Id. at 79-82. Under Wilkinson, there is no question that Plaintiffs' claims for due process and declaratory relief in this case were properly asserted under § 1983.

In a similar situation, the Sixth Circuit likewise held that § 1983 was available for a suit challenging the lack of indigency hearings for non-payment of court fines. Powers v. Hamilton Cnty. Pub. Defender Comm'n, 501 F.3d 592 (6th Cir. 2007). The court in that case held that § 2254 did not preclude the plaintiff from asserting his claim under § 1983 because the plaintiff "challenge[d] the flawed procedures used to incarcerate him – that is, the lack of an inquiry into his ability to pay the court-ordered fine – and not his underlying conviction," citing to Wilkinson. Id. at 599, 604. Just as in this case, success for the plaintiff in Powers "mean[t] only that the failure to grant [him] an indigency hearing was wrongful," and therefore the case was properly brought under §1983. Id. at 604-05.

For the same reasons, the district court improperly dismissed Plaintiffs' claims in this case. Plaintiffs' core claim is that they are entitled to a proceeding to address the Act and their indigency which, under Wilkinson, was properly asserted under § 1983. Contrary to the district court's conclusion, Plaintiffs are not

---

testing even if the evidence might lead to the prisoner challenging his conviction and eventually being released).

5

challenging their sex offense convictions or their (already served) terms of imprisonment. Therefore, as conceded by the parties, § 2254 is completely inapplicable in this case and cannot bar this § 1983 action.[3] For these reasons, the district court's order dismissing this case is **REVERSED** and the case is **REMANDED** for consideration of Plaintiffs' claims under § 1983.

---

[3] The State argues for the first time in its appellate response brief that 28 U.S.C. § 2241, a different habeas corpus statute, requires Plaintiffs to have brought their claims under that statute and to have exhausted their claims before filing suit in federal court. However, the State fails to indicate what possible type of exhaustion would be appropriate in a case such as this one involving civil detainees and no state court judgment or pending state proceeding, as in the cases cited by the dissent. Regardless, the State never presented this argument to the district court and therefore waived it on appeal. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1303-04 (11th Cir. 2009) ("By failing to raise the issue to the district court, Appellants have waived their right to [present their] argu[ment] on appeal . . . .").

EDMONDSON, Circuit Judge, dissenting:

I believe that the District Court correctly dismissed this case.

Plaintiffs are confined in the custody of Alabama. They, in this civil action, attack the validity of their confinement; and, along with asking for money damages and other things, Plaintiffs ask to "be released." They attack the constitutionality of the very statute (Ala. Code. § 15-20-22) under which they are held. The District Court dismissed the action.

I believe the action is barred by Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973), and its progeny, including Heck v. Humphrey, 114 S. Ct. 2364 (1994). The so-called procedural claim is for the creation of a procedure (the pertinent state statute on its face has none) by which they could show -- by a defense that the statute does not seem to recognize -- that the statute's terms (again the statute under which they are held) cannot properly apply to them so that they must be set free. All the relief Plaintiffs seek in their complaint -- including the recognition of the supposed procedural defect of which they complain -- would necessarily imply the invalidity of their present detention. This case seems hardly at all like Wilkinson v. Dotson, 125 S. Ct. 1242 (2005), to me.

Defendants in District Court raised Preiser and so on and claimed that habeas corpus relief was the sole available federal remedy, given that Plaintiffs

7

attacked the constitutionality of their confinement. To the District Court, Defendants also specifically mention 28 U.S.C. § 2241 and 28 U.S.C. § 2254. Citing Preiser and Wilkinson, the District Court concluded that the action was barred and wrote that habeas relief would need to be pursued. The District Court did not reference either 28 U.S.C. § 2254 or 28 U.S.C. § 2241 specifically in its dismissal order.

Defendants' raising, in District Court, Preiser and its progeny and the need first for habeas relief seems enough to preserve for appeal the Preiser bar and the necessity of Plaintiffs' pursuing habeas relief -- even if 28 U.S.C. § 2241, and not § 2254, is the correct vehicle for federal habeas in the circumstances.

I also believe that 28 U.S.C. § 2241 requires exhaustion of state remedies in a case like this one. For background, see Hughes v. Attorney Gen. of Fla, 377 F.3d 1258, 1262 & n. 4 (11th Cir. 2004); Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973); Ex parte Royall, 6 S. Ct. 734, 741 (1886). So, we cannot just treat the section 1983 action as a habeas petition and go forward. For reasons of federal-state comity, the Alabama courts -- which, like us, are responsible for upholding the Federal Constitution -- should be given a chance to act first. I maintain that Defendants have done nothing to this point to waive an insistence upon Plaintiffs' exhausting their state remedies.

I would affirm the decision of the District Court.