[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2010
JOHN LEY
CLERK

_____

No. 10-12896
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-21575-JAL

STEVEN LEONARD,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF INVESTIGATION (FBI),
U.S. DEPARTMENT OF JUSTICE,
STATE OF FLORIDA
KATHERINE FERNANDEZ-RUNDELL,
in her official capacity as Miami Dade County State Attorney,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Appellant Steven Leonard appeals the district court's dismissal of his complaint under 42 U.S.C. § 1983 against the Federal Bureau of Investigation ("FBI"), the U.S. Department of Justice ("DOJ"), the State of Florida, and the state attorney for Miami-Dade County, Florida. Construing his brief and his complaint liberally, Leonard argues that the defendants maliciously prosecuted him for exercising his First Amendment right of access to public records, his right to request information under the Freedom of Information Act ("FOIA"), and his right under 18 U.S.C. § 245 to freedom from intimidation for exercising his federally protected rights. Additionally, Leonard argues that the district court failed to construe the complaint liberally and that the dismissal of the complaint deprived Leonard of his First Amendment right to petition the government to redress his grievance.

We review *de novo* the district court's order of dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of an *in forma pauperis* complaint, and we accept as true the complaint's well-pleaded factual allegations. *Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997). We may affirm on any ground supported in the record even if that ground was not relied upon or considered by the district court. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). Finally, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by

attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The district court must dismiss an *in forma pauperis* complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 112 F.3d at 1490. Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (Rule 12(b)(6) dismissal). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (alteration and citation omitted).

Section 1983 requires the plaintiff to show that he "was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001); *see* 42 U.S.C. § 1983. "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb County, Ga.*, 103

F.3d 1510, 1512 (11th Cir. 1997).  Although Section 1983 applies only to state officials, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), provides a parallel remedy for the deprivation of rights by a federal official.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).  We generally apply the same law to both *Bivens* and Section 1983 cases. *Id.*  Liberally construed, the complaint alleges a *Bivens* claim against the federal defendants and a Section 1983 claim against the Florida defendants.  The complaint also alleges that the defendants were acting under color of state law; thus, the sole issue is whether the defendants deprived Leonard of a federally protected right.

Despite the existence of the § 1983 remedy, "habeas corpus [rather than § 1983] is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  *Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)).  This rule applies to an action for damages under § 1983 if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  In either circumstance, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been "reversed on direct appeal,

4

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* However, this rule necessarily applies only if "there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393, 127 S. Ct. 1091, 1097-98, 166 L. Ed. 2d 973 (2007). Stated differently, *Heck* does not bar "an action which would impugn *an anticipated future conviction*." *Id.*

Although Leonard asserts an array of constitutional and statutory violations by the defendants, the substance of Leonard's complaint alleges that the defendants violated the Fourth Amendment by maliciously prosecuting Leonard for attempting to exercise his federal rights. To prove malicious prosecution under § 1983, Leonard must allege "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). To establish the common law tort of malicious prosecution under Florida law, Leonard must allege that (1) a judicial proceeding was commenced or continued against him; (2) the defendants were the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in Leonard's favor; (4) no probable

5

cause existed for the original proceeding; (5) the defendants acted with malice; and (6) Leonard suffered damage as a result of the proceeding. *Id.*

Because Leonard's state-court criminal prosecution is ongoing, we conclude from the record that the district court erred by dismissing the complaint based on *Heck*, which bars a § 1983 claim based on an extant conviction but has no application to an anticipated future conviction. *See Wallace*, 549 U.S. at 393, 127 S. Ct. at 1098. Nevertheless, we conclude that the district court properly dismissed the complaint in this case because Leonard's malicious prosecution claim ripens only if the state-court criminal proceeding is terminated in his favor. *See Heck*, 512 U.S. at 484, 114 S. Ct. at 2371 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). In other words, because Leonard failed to allege the termination in his favor of the state-court criminal prosecution, Leonard failed to state a claim for malicious prosecution. Accordingly, we affirm the district court's dismissal of Leonard's complaint.

**AFFIRMED.**