[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2012
JOHN LEY
CLERK

No. 11-11877
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-20280-CMA

GUILLERMO SANCHEZ SALAZAR,

                                                                        Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,
D.E.A.,
F.B.I.,
U.S. COAST GUARD,
U.S. CUSTOMS,
et al.,

                                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 7, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Guillermo Salazar, proceeding *pro se*, appeals the district court's dismissal of his complaint asserting a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). On appeal, Salazar argues that the government withheld exculpatory evidence from him. For the reasons set forth below, we affirm the district court's dismissal of Salazar's complaint.

I.

In a 42 U.S.C. § 1983 complaint filed against a number of government agencies, three Assistant United States Attorneys, three Assistant Federal Public Defenders, and an investigator, Salazar alleged that the government intentionally and maliciously failed to provide discovery and exculpatory evidence regarding a confidential informant. Salazar further alleged that the government may have entrapped him. The entrapment and lack of discovery led to an unconstitutional sentence. Finally, he asserted that, if he could obtain the withheld evidence, he would be able to show that he received ineffective assistance of counsel. Salazar demanded discovery, an investigative report, an investigation of the new evidence, money damages for the damage and prejudice he suffered, and a jury trial under the Seventh Amendment.

Salazar was permitted to proceed *in forma pauperis*. The magistrate judge

2

reviewed Salazar's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended that the complaint be dismissed for failing to state a claim. The magistrate construed the complaint as a *Bivens* action and concluded that Salazar was attempting to collaterally attack his criminal conviction. Claims attacking "the fact or duration of a criminal defendant's confinement" were to be brought in a petition for habeas corpus, not in a civil rights action. When a prisoner brought a claim attacking his confinement in a civil rights action, the complaint had to be dismissed unless the conviction was reversed, expunged, or questioned in a writ of habeas corpus. After *de novo* review, the district court accepted the report and recommendation and dismissed the complaint for failure to state a claim upon which relief could be granted.

## II.

We review "a dismissal for failure to state a claim under [28 U.S.C.] § 1915(e)(2)(B)(ii) *de novo*." *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002). When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because this language tracks the language in Federal Rule of Civil Procedure 12(b)(6), we apply the standards of Rule 12(b)(6) in reviewing § 1915(e)(2)(B)(ii) dismissals.

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In reviewing a dismissal for failure to state a claim, we construe "the complaint in the light most favorable to the plaintiff and accept[s] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005) (reviewing a dismissal under Rule 12(b)(6)). A complaint should be dismissed only where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted).

A plaintiff asserts a *Bivens* claim when he alleges that "federal officers, acting under color of federal law," acted unconstitutionally. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (quotation omitted). A *Bivens* action is analogous to complaints brought against state actors under 42 U.S.C. § 1983, and courts generally apply § 1983 law in *Bivens* actions. *Id.* In a § 1983 suit, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383

(1994). Under this rule, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the complaint is to be dismissed unless "the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. at 2372. On the other hand, if judgment in favor of the plaintiff "will *not* demonstrate the invalidity of any outstanding criminal judgment," the action may proceed. *Id. Heck* applies to *Bivens* claims. *Abella*, 63 F.3d at 1065.

The Supreme Court has noted that a *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claim cannot be brought in a § 1983 suit. *Skinner v. Switzer*, 562 U.S. ___, 131 S.Ct. 1289, 1300, 179 L.Ed.2d 233 (2011). To prove a *Brady* claim, a petitioner must show: (1) that the state suppressed evidence (2) that was favorable to the petitioner and (3) that the petitioner was prejudiced. *Skinner*, 562 U.S. at ___, 131 S.Ct. at 1300. Such evidence necessarily undermines the petitioner's conviction because the "evidence is, by definition, always favorable to the defendant and material to his guilt or punishment." *Id.* Thus, *Brady* claims are to be brought in a petition for habeas corpus, not in a § 1983 suit. *Id.*

In contrast, a prisoner may seek physical evidence to test the evidence for DNA through a § 1983 suit because success on the plaintiff's part would not show that his conviction or sentence was invalid. *Skinner*, 562 U.S. at ___, 131 S.Ct. at

5

1293; *Bradley v. Pryor*, 305 F.3d 1287, 1290 (11th Cir. 2002). Rather, judgment in the plaintiff's favor would merely give him access to the evidence. *Skinner*, 562 U.S. at ___, 131 S.Ct. at 1293; *Bradley*, 305 F.3d at 1290. The evidence obtained "may prove exculpatory, inculpatory, or inconclusive," but simply obtaining access to that evidence would "[i]n no event . . . necessarily impl[y] the unlawfulness of the [s]tate's custody." *Skinner*, 562 U.S. at ___, 131 S.Ct. at 1293 (quotation omitted).

Here, the district court properly dismissed Salazar's complaint.[1] Success on Salazar's part would necessarily imply that his conviction was invalid. *See Heck*, 512 at 487, 114 S.Ct. at 2372. In his complaint, Salazar asserted the essential elements of a *Brady* claim: he asserted that the prosecution intentionally and maliciously withheld exculpatory evidence from him, which prejudiced him. *See Skinner*, 562 U.S. at ___, 131 S.Ct. at 1300. This exculpatory evidence would necessarily undermine his conviction. *See Skinner*, 562 U.S. at ___, 131 S.Ct. at 1300. Accordingly, Salazar failed to state a claim cognizable in a *Bivens* action.

For the foregoing reasons, we affirm the district court's dismissal of Salazar's complaint.

---

[1] The district court was also correct that Salazar has actually asserted a *Bivens* claim, not a § 1983 claim, because Salazar sued federal, not state, officials. *See Abella*, 63 F.3d at 1065.

6

**AFFIRMED.**