[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13844
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-01089-MEF-TFM

JAMES EDWARD SPENCER,
and other similarly situated individuals,

Plaintiff-Appellant,

versus

BOB RILEY,
in his individual and official capacity,
TROY KING,
in his individual and official capacity,
CYNTHIA DILLARD,
in her individual and official capacity,
RICHARD ALLEN,
in his individual and official capacity,
M. WILSON
Classifications, Dept. of Corrections,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 25, 2013)

Before CARNES, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

James Spencer, a convicted sex offender, is currently incarcerated for 2006 and 2007 violations of the Alabama Community Notification Act, Ala.Code § 15-20-20 et seq. (repealed July 1, 2011). He filed a lawsuit against several Alabama officials pursuant to 42 U.S.C. § 1983, alleging that, for various reasons, the ACNA could not be constitutionally applied to him. The district court granted the defendants' motion for summary judgment, and Mr. Spencer, proceeding pro se, now appeals. Exercising plenary review, *see, e.g., Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 911 (11th Cir. 2007), we affirm.

We read pro se briefs liberally, *see Cofield v. Alabama Public Service Comm'n*, 936 F.2d 512, 514 n.2 (11th Cir. 1991), but even so it is difficult to figure out what arguments Mr. Spencer is making on appeal. He does not, for example, list any specific issues. Nor does he say why he believes the district court erred. In a prior appeal by Mr. Spencer, we noted the same problems. *See Spencer v. King*, 333 F. App'x 488, 489 (11th Cir. 2009) ("Although we construe pro se filings liberally, Spencer's appeal gives us very little to work with.").

The one argument we think we can discern from the brief is Mr. Spencer's contention that the ACNA – and specifically its residency and registration requirements – cannot be constitutionally applied to him because of ex post facto

2

and equal protection concerns.  The problem for Mr. Spencer is that a challenge to a criminal conviction cannot be brought under § 1983.  *See Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas Corpus [rather than § 1983] is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).  And insofar as Mr. Spencer seeks damages for his ACNA convictions, that claim is, as the district court explained, currently barred by *Heck v. Humphrey* 512 U.S. 477, 487 (1994) (damages action under § 1983 is not cognizable if a judgment in the plaintiff's favor "would necessarily imply the invalidity of [the] conviction or sentence," and the conviction and sentence have not been reversed, vacated, or otherwise invalidated.).

AFFIRMED.