**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4626
_____

EMMIT GILES,

Appellant

v.

CITY OF PHILADELPHIA
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 11-3773)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 26, 2013
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, <u>Circuit Judges</u>.

(Opinion Filed: October 8, 2013)
_____

OPINION
_____

SHWARTZ, <u>Circuit Judge</u>.

Appellant Emmit Giles brought suit against the City of Philadelphia (the "City"),

pursuant to 42 U.S.C. § 1983, alleging that the City violated his Fifth, Sixth, and

Fourteenth Amendment rights by withholding the results of an atomic absorption test that

was performed during the criminal investigation and that ultimately led to his homicide conviction. The District Court granted the City's motion to dismiss on statute of limitations grounds and subsequently denied Giles's motion for reconsideration. We will affirm.

I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. On August 17, 1989, Giles was arrested and charged with the murder of his girlfriend. Soon after his arrest, the police conducted an atomic absorption test on his hands. The results of this test could show whether Giles had recently fired a weapon. Giles and his attorney were notified of the fact that the test was performed during discovery. Giles was tried in the Philadelphia Court of Common Pleas and convicted of second degree murder on October 31, 1990. He was subsequently sentenced to life in prison.

On August 9, 2006, Giles filed a request with the Philadelphia Police Department (the "Department") seeking the results of the atomic absorption test pursuant to the Pennsylvania Right to Know Act, 65 P.S. §§ 66.1-9 (repealed 2008). The Department denied the request on August 15, 2006 because it found that the information sought related to a criminal investigation and hence was exempt from disclosure under the Act. On September 14, 2006, Giles filed an administrative appeal of the Department's decision in the Philadelphia Court of Common Pleas, but that appeal was dismissed on June 1, 2007 for lack of prosecution.

On October 10, 2008, Giles filed a petition in the Court of Common Pleas, seeking an injunction compelling the City and the Department to release the test results. On February 27, 2010, Giles's petition was denied.

On June 10, 2011, Giles filed the present lawsuit, alleging that the City violated his due process rights by refusing to produce the test results. The District Court granted the City's motion to dismiss, finding that Giles's Section 1983 claim was time-barred, and subsequently denied Giles's motion for reconsideration. This appeal followed.

## II.

The District Court had jurisdiction in this case pursuant to 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We generally review a district court's rulings on motions for reconsideration for an abuse of discretion. Long v. Atl. City Police Dep't, 670 F.3d 436, 446-47 (3d Cir. 2012). To the extent that a district court's ruling on a motion for reconsideration involves an issue of law, we review the underlying legal determination de novo.[1] Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011); see also Long, 670 F.3d at 447 n.20 (explaining that our plenary review of legal determinations "stems from the understanding that an appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review" (internal citation and quotation marks omitted)).

---

[1] If the ruling on the motion for reconsideration involved factual findings, we would review those findings for clear error. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

III.

In actions under 42 U.S.C. § 1983, federal courts apply the relevant state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985). Under Pennsylvania law, the statute of limitations for a personal injury action is two years, see 42 Pa. Cons. Stat. Ann. § 5524, and thus a two-year statute of limitations applies to this case. See Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

The date when a Section 1983 action accrues, however, is a matter of federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007). A Section 1983 claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric, 142 F.3d at 599; see also Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam) (holding that a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Here, Giles asserts that the City violated his rights by denying him access to the atomic absorption test results. Giles was aware of the existence of his injury, namely, the Department's refusal to turn over the results, after he received the Department's denial on August 15, 2006, see Sameric, 142 F.3d at 599-600 (finding that the statute of limitations for a cause of action based upon an improper denial of a building demolition permit accrued when the permit was denied), or, at the latest, when his administrative appeal to the state court was dismissed in June 2007. Thus, the two-year limitations period expired no later than June 2009.

4

Giles attempts to circumvent the limitations period by arguing that his claims did not accrue until the Supreme Court decided <u>Skinner v. Switzer</u>, 131 S. Ct. 1289 (2011), or, in the alternative, when this Court decided <u>Grier v. Klem</u>, 591 F.3d 672 (3d Cir. 2010). Both cases held that a post-conviction claim for DNA testing may be pursued in a Section 1983 action. Those rulings, however, did not recognize any new constitutional right for the first time or overturn some prior precedent that would have prevented Giles from bringing a Section 1983 claim sooner. They merely made explicit that Section 1983 was an avenue by which plaintiffs could raise this claim, as other courts had already concluded.[2]

Moreover, a federal cause of action accrues upon awareness of injury, not upon awareness of a potential legal theory or cause of action. <u>See</u> <u>United States v. Kubrick</u>, 444 U.S. 111, 122 (1979); <u>Sandutch</u>, 684 F.2d at 254. Ignorance of the law is not a basis for tolling the statute of limitations. <u>Sch. Dist. of Allentown v. Marshall</u>, 657 F.2d 16, 21 (3d Cir. 1981). Accordingly, neither the 2011 <u>Skinner</u> case nor the 2010 <u>Grier</u> case serve as a trigger for the statute of limitations period. Because the statute of limitations was triggered when Giles became aware of his injury, which here was no later than June

---

[2] In fact, the majority of courts faced with this issue had concluded before 2009 that a Section 1983 claim was available in this situation. <u>See, e.g.</u>, <u>McKithen v. Brown</u>, 481 F.3d 89, 99 (2d Cir. 2007) (holding that a claim seeking DNA testing is cognizable under Section 1983); <u>Savory v. Lyons</u>, 469 F.3d 667, 670-72 (7th Cir. 2006) (same); <u>Osborne v. Dist. Attorney's Office for Third Judicial Dist.</u>, 423 F.3d 1050, 1054-55 (9th Cir. 2005) (same); <u>Bradley v. Pryor</u>, 305 F.3d 1287, 1290-91 (11th Cir. 2002) (same); <u>Young v. Phila. Cnty. Dist. Attorney's Office</u>, No. 08-3463, 2009 WL 278968, at *5-6 (E.D. Pa. Feb. 5, 2009) (same); <u>Derrickson v. Del. Cnty. Dist. Attorney's Office</u>, No. 04-1569, 2006 WL 2135854, at *7-8 (E.D. Pa. July 26, 2006) (same).

2007, he was required to have filed his Section 1983 action by June 2009. His June 2011 complaint was filed well beyond the limitations period and, as a result, is time-barred.

## IV.

For the foregoing reasons, we will affirm the District Court's Order granting the motion to dismiss.