[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11613
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cv-00077-WTH-PRL


FREDERICK LEVIN WATERFIELD, JR.,

Plaintiff-Appellant,

versus

WILLIAM GARY LAW, JR.,
JACQUELINE R. GRIFFIN,
VINCENT GEORGE TORPY, JR.,
CHARLES ALAN LAWSON,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 25, 2013)

Before DUBINA, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Frederick Waterfield, Jr., a state prisoner proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, pursuant to 28 U.S.C. § 1915A.   Waterfield alleged that Florida Judges William Gary Law, Jr., Jacqueline R. Griffin, Vincent George Torpy, Jr., and Charles Alan Lawson (collectively referred to as the "Judges") violated his constitutional rights in their respective orders denying his 2011 motion for post-conviction relief and affirming that denial on appeal.  He sought damages and requested injunctive relief directing the Judges to discharge him from liability for his 1985 conviction and sentence. The district court dismissed his damages claims because the Judges were entitled to judicial immunity and dismissed his claim for injunctive relief because it was not cognizable under § 1983.

On appeal, Waterfield argues that the district court applied the wrong legal standard in dismissing his complaint under 28 U.S.C. § 1915A.  He also contends that the Judges were not entitled to absolute judicial immunity because they lacked subject matter jurisdiction over his case.

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915A for failure to state a claim.  *Leal v. Ga. Dep't Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).  We review a district court's grant of judicial immunity *de novo*.  *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001).  The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires the district court to review all complaints

2

filed by prisoners against a governmental entity or officer or employee of a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or "seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(a), (b)(1)-(2).

The standards that apply to a dismissal under Fed.R.Civ.P. 12(b)(6) apply to a dismissal under § 1915A(b)(1). *Leal*, 254 F.3d at 1278-79. In reviewing a complaint, the district court accepts the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). To survive dismissal, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). Stating a claim upon which relief may be granted "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). A *pro se* complaint is liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Boxer X*, 437 F.3d at 1110.

Judges are entitled to absolute immunity for all actions taken in their judicial capacity, except where they act in the "clear absence of all jurisdiction." *Bolin v.*

3

*Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105 (1978)).  Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Id.*  Pursuant to 42 U.S.C. § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002).  A prisoner "cannot use a § 1983 action to challenge the fact or duration of his confinement."  *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245 (2005) (internal quotation marks omitted).  Thus, a § 1983 action is barred if "success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Id.* at 81-82, 125 S.Ct. at 1247-48.

We conclude from the record that the district court did not err in dismissing Waterfield's damages claims against the Judges because Waterfield sought relief from immune defendants.  The actions taken by the Judges with respect to Waterfield's post-conviction motion were taken in their judicial capacity.  *See Story*, 225 F.3d at 1239.  To the extent that Waterfield argues that the Judges acted

4

without subject matter jurisdiction, this argument is unavailing because Waterfield's conclusory allegations did not establish that they acted in "clear absence of jurisdiction." *See Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988) ("The applicability of judicial immunity does not depend on the determination of nice questions of jurisdiction.") (internal quotation marks omitted).

As to Waterfield's claim for injunctive relief, we conclude that he fails to state a claim upon which relief could be granted because his claim is not cognizable in a § 1983 action. *See* 42 U.S.C. § 1983. To the extent that Waterfield challenges the validity of his conviction and confinement, he must pursue that relief through a habeas petition. *See Bradley*, 305 F.3d at 1289; *Dotson*, 544 U.S. at 78, 125 S.Ct. at 1245. Contrary to Waterfield's contentions on appeal, the district court properly concluded that the 28 U.S.C. § 1915A standard applied because Waterfield was a prisoner seeking redress from a governmental authority. *See* 28 U.S.C. § 1915A. Accordingly, we affirm the district court's judgment of dismissal of Waterfield's complaint pursuant to 28 U.S.C. § 1915A.

**AFFIRMED.**