[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-15721

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 25, 2003
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-08106 CV-FAM


ROLANDO SILVA,
KEN THOMAS, et al.,

                                        Plaintiffs-Appellants,


        versus


EDWARD W. BIELUCH, in his individual
capacity and in his official capacity as
Sheriff of Palm Beach County, Florida,
KENNETH EGGLESTON, in his individual
capacity and in his official capacity as
Undersheriff of Palm Beach County, Florida

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 25, 2003)

Before EDMONDSON, Chief Judge, BLACK and COX, Circuit Judges.

EDMONDSON, Chief Judge:

Plaintiffs are deputy sheriffs who filed suit after they were transferred from their probationary lieutenancies back to their previous positions by Defendant. At the time, Defendant Bieluch was the newly elected sheriff. Plaintiffs had not supported Defendant Bieluch's candidacy; they had supported his opponent, the incumbent sheriff.

Plaintiffs appeal the district court's dismissal, with prejudice, of their complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs contend the district court erred in concluding they had failed to state claims under the First Amendment and the due process clause. Plaintiffs also contend that the district court erred by dismissing these claims without granting them leave to amend, even though they never sought leave to amend from the district court.

## DISCUSSION

I. First Amendment

We review the district court's dismissal of a complaint under Rule 12(b)(6) de novo, viewing the complaint in the light most favorable to Plaintiffs and

2

accepting Plaintiffs' well-pleaded facts as true. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

We conclude that Plaintiffs' complaint fails to state a claim under the First Amendment. Plaintiffs' complaint states that they (with the exception of Thomas) appeared in campaign advertisements, attended political rallies, and participated in "get out the vote" efforts.[1] We believe that these acts only demonstrate loyalty and support for the new sheriff's adversary; they are nothing more than "bare statements of support for a candidate." Cutcliffe v. Cochran, 117 F.3d 1353, 1358 (11th Cir. 1997).

Plaintiffs have not alleged the kind of speech that might require an application of the "open ended inquiry" established by the Supreme Court in Pickering v. Board of Education, 391 U.S. 563 (1968). Plaintiffs do not -- for example -- allege that they actively criticized Defendants' fitness or that they spoke out on the *issues* of public concern surrounding the campaign. See Cutcliffe, 117 F.3d at 1358 ("Had there been allegations that the expressions involved more than bare statements of support for a candidate, the claim would

---

[1] Paragraph 20 of Plaintiffs' complaint contains the pertinent allegation: "Plaintiffs' support of [the incumbent] was open and visible. Several of the Plaintiffs . . . appeared in various television commercials and/or printed campaign ads for [the incumbent]. They attended rallies in support of [the incumbent] and attempted to 'get out the vote' on behalf of [the incumbent] both among their law enforcement colleagues and the citizenry. The Plaintiffs' support of [the incumbent] was well known to Bieluch and his supporters, as well as Plaintiffs' colleagues."

deserve a more detailed analysis under <u>Pickering</u>."); <u>Cf.</u> <u>Stough v. Gallagher</u>, 967 F.2d 1523, 1524 (11th Cir. 1992) (treating case in which plaintiff had, at public forum, questioned defendant's fitness for sheriff under <u>Pickering's</u> free speech analysis).

We already have concluded that personal loyalty to the sheriff is an appropriate requirement for the effective performance of a deputy sheriff. <u>See</u> <u>Terry v. Cook</u>, 866 F.2d 373, 377 (11th Cir. 1989). And if a sheriff may hire and fire deputy sheriffs based on the employees' political patronage, <u>see</u> <u>Cutcliffe</u>, 117 F.3d at 1357-58, we conclude a sheriff may promote and demote on this basis also. The district court, therefore, correctly concluded that Plaintiffs' complaint failed to state a claim under the First Amendment.

II.    Due Process

A.  Substantive Due Process

Plaintiffs next contend that the district court erred in concluding they failed to state a claim based on substantive due process for a deprivation of their property interests in their rank. The district court correctly concluded that the Plaintiffs cannot state a substantive due process claim resulting from their loss of rank. "Because employment rights are state-created rights and are not

4

'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection." McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994).

B.  Property Interest

Plaintiffs' procedural due process claims, alleging violations of Plaintiffs' property interests in their rank, fail also.  Property interests protected by the Constitution "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. . . ." Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  It is clear under Florida law and under the applicable Palm Beach County Code that deputy sheriffs serving a probationary period can be transferred back to their previous position with no right to appeal.[2]   Thus as a matter of law, Plaintiffs, as probationary employees, had no right to their rank as lieutenants until, at the least, they had served their one-year

---

[2]Palm Beach County Code § 16-93(a): "Any employee who is required to serve a probationary period attendant to a promotion shall retain permanent status in the office of the sheriff, but may be returned to his prior rank during such probationary period without the right of appeal. . . ." Plaintiffs argue that Palm Beach County Sheriff's Office Standard Operating Procedure § 302.10(II)(H)(2) entitles them to their rank unless "sub-standard or unsatisfactory performance" has been shown.  As this Court stated in Stough v. Gallagher, "internal personnel provisions...are not the equivalent of a civil service system." 967 F.2d 1523, 1530 (11th Cir. 1992).  In Stough, an Orange County, Florida deputy sheriff had been demoted and claimed a property interest in his rank, citing internal personnel policy provisions; but the Court rejected these internal provisions as providing any basis for such a property interest in rank.  The Palm Beach County Sheriff's Operating Procedures cannot create a property interest for plaintiffs, especially where they conflict with the applicable Palm Beach County Code provisions.

probationary period.  Thus, Plaintiffs can have no property interest in their rank as lieutenants.

C.  Liberty Interest

Plaintiffs' transfer back to their previous positions did not implicate any violation of their liberty interests qualifying for due process protection.  We review liberty interest claims under the "stigma-plus" test where "[e]ssentially, a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation 'plus' the violation of some more tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause."  Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir. 2001) (citing Paul v. Davis, 424 U.S. 693 (1976)).  Even assuming Plaintiffs could establish the requisites for defamation, Plaintiffs' retention of employment negates a claim that they were denied their liberty interests.  See Moore v. Otero, 557 F.3d 435, 438 (5th Cir. 1977)(police officer's reassignment from corporal to police patrolman did not give rise to a liberty interest).

In August of 2000, during the campaign season, Plaintiffs were promoted from the rank of sergeant to the rank of lieutenant by the previous sheriff, Neumann.  Newly-elected sheriff, Defendant Bieluch returned Plaintiffs' to their previous ranks, as sergeants.  This act only constitutes an internal transfer of

6

employment status not providing the "additional loss of a tangible interest necessary to give rise to a liberty interest..."[3] Id.  see also  Shahawy v. Harrison, 778 F.2d 636, 643-44 (11th Cir. 1986); Hardiman v. Jefferson County Board of Education, 709 F.2d 635, 638-39 (11th Cir. 1983).  Defendants' transferring Plaintiffs back to their previous rank during their probationary period does not provide the "additional loss of a tangible interest" required for a liberty interest claim.

D.  Opportunity to Amend

We next consider whether the district court erred in dismissing Plaintiffs' complaint with prejudice without granting Plaintiffs an opportunity to amend. Under Bank v. Pitt, 928 F.2d 1108 (11th Cir. 1991), a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if "it appears a more carefully drafted complaint might state a claim upon which relief can be granted" even if the plaintiff never seeks leave to amend.  Id. at 1112.[4]  We cannot say it is scarcely possible that a more carefully drafted

---

[3]As noted in Moore, 557 F.2d at 438, here there has only been a transfer from positions within the sheriffs department that entail sufficiently similar duties and powers.  Had Plaintiffs been reduced from their sheriff's deputy status to a position wholly different and incomparable, then such a demotion may implicate a loss of tangible interest connected with stigmatizing state action giving rise to a liberty interest.  That case is not before us here.

[4] We recognize that Bank v. Pitt was overruled by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002).  Because the rule announced in Wagner was only applied

7

complaint might state a free speech claim.  Thus, to that extent, Plaintiffs (except Thomas) ought to be allowed the opportunity to amend.

We therefore VACATE the dismissal of the free speech claim and REMAND the case, with instructions to allow Plaintiffs leave to amend their complaint on the free speech claim.[5]  We AFFIRM the district court's order otherwise.[6]

AFFIRMED in part, VACATED in part, and REMANDED.

---

prospectively, Bank controls the resolution of this case.

[5]We note that Paragraph 19 of the Complaint expressly alleges that plaintiff Ken Thomas did not take sides in the election.  Given this allegation he cannot allege a free speech claim.

[6]We do not disturb the dismissal of Plaintiffs' due process claims and right to liberty claims: We cannot conclude that a more carefully drafted complaint could save these claims from dismissal. Plaintiffs have not appealed the district court's dismissal of their Equal Protection claims or 42 U.S.C. § 1985(3) conspiracy claims; so we, of course, do not disturb that ruling.

COX, Circuit Judge, concurring in part, dissenting in part:

I join the court's opinion except for the part vacating dismissal of the free speech claims brought by the plaintiffs other than Thomas. As to that part, I dissent. The district court dismissed the free speech claims because the claims failed as a matter of law, not because they were inadequately pleaded. We all agree that this was proper, yet the majority affords the plaintiffs an opportunity to amend, relying on *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). *Bank* requires a district court to give plaintiffs a second chance at pleading only "[w]here a more carefully drafted complaint might state a claim." *Id*. But here, where we have a legal deficiency, a more careful drafting of the same facts will not help: this deficiency cannot be cured by repleading. *See Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (affirming dismissal and denial of plaintiffs' motion for leave to amend where the allegations in plaintiffs' complaint were insufficient as a matter of law, and, on appeal, the plaintiffs did not propose adding any allegations that would have remedied the insufficiency). *See also DeLoach v. Woodley*, 405 F.2d 496, 496 (5th Cir. 1968) (affirming dismissal without leave to amend, where the plaintiffs' claim was legally insufficient for failure to seek the minimum amount in controversy). The facts in

9

this complaint are plead with particularity, and it is the facts – not the lack of facts – that defeat the claims.  Thus, I would affirm the district court's judgment dismissing these claims.