NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued May 7, 2008

Decided September 8, 2008

Before

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3190

| | |
|---|---|
| BRUCE HORSTMANN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| v. | |
| | No. 07 C 433 |
| ST. CLAIR COUNTY, ILLINOIS and | |
| BRUCE HAIDA, St. Clair County | J. Phil Gilbert, *Judge.* |
| State's Attorney, | |
| *Defendants-Appellees.* | |

**O R D E R**

Bruce Horstmann contends that the St. Clair County, Illinois State's Attorney and the County deprived him of due process when the State's Attorney wrote a letter to the Alorton, Illinois police department and later to other potential employers that it would not prosecute any case in which he played a significant role. Because the defendants had no role in the hiring or firing decisions alleged in the complaint, Horstmann's complaint fails to state a procedural due process claim. In addition, the complaint's allegations fail to implicate any fundamental rights protected by the substantive due process clause. We therefore affirm the dismissal of the complaint for failure to state a claim upon

which relief could be granted.

# I. BACKGROUND

Bruce Horstmann resigned from the Belleville, Illinois police department in 2005. He then began working as an officer with the Alorton, Illinois police department. When St. Clair County State's Attorney Robert Haida learned of this, he wrote a letter to the Alorton Chief of Police that stated:

> My office will not pursue the prosecution of any case which is based solely upon the testimony of Office Bruce Horstmann or is otherwise based in substantial part on the testimony of Officer Horstmann.

The Alorton police department fired Horstmann because of the letter. Horstmann later applied for a job with the East St. Louis police department, but Haida wrote an identical letter to the chief of that department, and Horstmann did not get the job. The same sequence took place with other police departments in the area.

Horstmann filed suit against St. Clair County and State's Attorney Haida asserting

a right to relief under 42 U.S.C. § 1983. His complaint alleged that he had a property interest in retaining employment with the Alorton police department and that he had a property interest in obtaining and retaining employment with the East St. Louis, Illinois police department. The district court granted the defendants' motion to dismiss, and Horstmann appeals.

# II. ANALYSIS

We review the grant of a motion to dismiss de novo, taking all well-pleaded facts as true and construing all reasonable inferences in the plaintiff's favor. *Remet Corp. v. City of Chicago*, 509 F.3d 816, 817 (7th Cir. 2007). To succeed on a section 1983 claim, a plaintiff must demonstrate that he was deprived of a right guaranteed by the United States Constitution or federal law, by a person acting under color of law. *Thurman v. Village of Homewood*, 446 F.3d 682, 686-87 (7th Cir. 2006). Horstmann contends that his complaint states claims for deprivation of his constitutional rights to procedural and substantive due process.

## A. Procedural Due Process

We first consider whether Horstmann's complaint states a procedural due process claim. The government may not deprive a person of life, liberty, or property without due process of law. U.S.

Const. amend. XIV, § 1; *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985). To succeed on a procedural due process claim, a plaintiff must demonstrate a cognizable property interest, a deprivation of that property interest, and a denial of due process. *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004). We will assume, at least with respect to Horstmann's employment with the Alorton police department, that Horstmann had a legitimate expectation of continued employment, and therefore a property interest, in his position there.

The fundamental requirement of due process is "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). But Horstmann complains he did not receive sufficient process from parties that could not have provided it. Neither State's Attorney Haida nor St. Clair County ever employed or potentially employed him. Nor is there any allegation that Haida or St. Clair County had any input into the hiring or firing decisions made by the individual police departments. As a result, the defendants named in this case did not deprive Horstmann of any property interest he had in his job without due process of law. *See Argyropoulos v. City of Alton,* No. 03-810-DRH, 2006 WL 2802112, at *7-8 (S.D. Ill. Sept. 28, 2006) ("Furthermore, before even proceeding with the analysis below, the Court dismisses the claim against Defendant Botterbush. Plaintiff has not provided any facts in this record that would suggest that Defendant Botterbush terminated or had the authority to terminate Plaintiff. Likewise, without the authority to terminate Plaintiff, Defendant Botterbush cannot be held liable for any due process deprivations relating to Plaintiff's termination."); *aff'd* No. 07-1983, 2008 WL 3905891, at *12 (7th Cir. Aug. 26, 2008) (judgment against Botterbush proper because plaintiff "failed to identify any evidence in the record showing that he played a role in her termination"); *Heideman v. Wirsing*, 840 F. Supp. 1285, 1300 (W.D. Wis. 1992) (granting summary judgment on procedural due process claim in favor of defendant who had no power to terminate plaintiff's employment).

The only entity that had the power to take away any property interest Horstmann had in his employment with the Alorton police department was the Alorton police department itself. It simply makes no sense to say that the non-employing defendants named in this case should have provided him with notice of his potential discharge, an opportunity to be heard before he lost his job, or a pre- or post- termination hearing. *Cf., e.g., Loudermill*, 470 U.S. at 545-46; *Hudson*, 374 F.3d at 560-64. The district court properly granted the defendants' motion to dismiss the procedural due process claim.

## B.      Substantive Due Process

Horstmann also maintains that his complaint raises a cognizable substantive due process claim. The scope of the protections afforded by substantive due process is limited, however, and applies only to decisions affecting fundamental rights. *Belcher v. Norton*, 497 F.3d 742, 752 (7th Cir. 2007); *Wozniak v. Conry*, 236 F.3d 888, 891 (7th Cir. 2001). Employment rights are state-

created rights, and a public employee's interest in continued employment does not rise to the level of a "fundamental" right protected by substantive due process. *See Zorzi v. County of Putnam*, 30 F.3d 885, 895 (7th Cir. 1994) (stating that substantive due process does not protect occupational liberty); *Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003) (noting that substantive due process does not protect employment rights); *Nichols v. Penn State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000) (holding that tenured public employment not a fundamental property interest entitled to substantive due process protection).

We have said before that a claim that employment was wrongfully terminated is not sufficient to state a substantive due process claim unless the plaintiff also demonstrates that the defendants violated some other constitutional right or that available state remedies were inadequate. *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005). Here, the complaint does not state a claim for the violation of any other constitutional rights. And despite his protestations to the contrary, Horstmann had adequate state-law remedies available to him. He maintains that he could not get a fair trial on any state-law tort action brought in St. Clair County because Haida is the county's State's Attorney. But if that's the concern, Illinois law provides that Hortsmann could file a motion to substitute the presiding judge for cause, 735 ILCS 5/2-1001(a)(3) and the judge may then assign the case "to some other judge in some other convenient county, to which there is no valid objection." 735 ILCS 5/2-1001(c). A state-law tort action was an adequate available remedy.

Finally, we note that Horstmann's complaint contains no indication of the reason Haida decided not to prosecute cases in which Horstmann played a significant role. There is also no suggestion that Horstmann attempted to use internal grievance procedures. There may well have been a sound reason for Haida's decision not to prosecute cases involving Horstmann, so Haida's letter on its face does not "shock the conscience" as Horstmann asserts. *Cf. Belcher*, 497 F.3d at 753 (noting that when exercise of government authority involves law enforcement officials, substantive due process rights violated when alleged abuse of power "shocks the conscience"). The district court properly granted the motion to dismiss this count as well.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.