[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13796
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:11-cv-14165-DLG


KENNETH GRIMSHAW,
Pro Se "ex rel",

                                        Plaintiff - Appellant,


versus


METROPOLITAN LIFE INSURANCE COMPANY,
METLIFE, INC.,
C. ROBERT HENRIKSON,
CURTIS H. BARNETTE,
SYLVIA MATHEWS BURWELL, et al.,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 10, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Grimshaw appeals the dismissal with prejudice of his complaint that Metropolitan Life Insurance Company and its employees violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., the insurance laws of the State of New York, and the laws of Florida. Fed. R. Civ. P. 12(b)(6). Grimshaw alleged that Metropolitan Life and its employees used mail and wire transmissions to "defraud[] [Grimshaw] and hundreds of other beneficiary and/or policyholders nationwide out of millions" of dollars by diminishing beneficiary payments for life insurance policies issued before 1965 that had face values below $1,000. The district court ruled that Grimshaw failed to plead sufficient facts to state a plausible claim for relief. We affirm.

Grimshaw argues that the district court erred by dismissing his complaint based on the insufficient pleading of his claim of racketeering, but we disagree. Grimshaw asks that we remand so he can file an amended complaint, but a remand would be futile because even a "'more carefully drafted complaint [could not] state a claim.'" Silva v. Bieluch, 351 F.3d 1045, 1048 (11th Cir. 2003) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). Grimshaw's complaint asserted that Metropolitan Life engaged in racketeering, but the facts alleged in his

2

complaint cannot support a claim of racketeering.

Grimshaw also argues that the supplemental jurisdiction of the district court evaporated upon dismissal of the racketeering claim, but a district court has the discretion to "exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S. Ct. 1862, 1866 (2009). Grimshaw fails to challenge the ruling that his complaint also failed to state a claim for relief under state law.

The dismissal of Grimshaw's complaint with prejudice is **AFFIRMED**.