[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 11-15257
Non-Argument Calendar

————————————————

D.C. Docket No. 8:11-cv-02042-EAK-EAJ

DEMETRIUS MCLAUGHLIN,

Plaintiff-Appellant,

versus

PASCO COUNTY SHERIFF'S OFFICE,
EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEY,
DRUG ENFORCEMENT ADMINISTRATION,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(February 26, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Demetrius McLaughlin, a federal prisoner, appeals the district court's sua

sponte dismissal of his pro se complaint brought under 42 U.S.C. § 1983; the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and state law.   On appeal, he argues that: (1) the district court erred in dismissing his complaint based on Heck v. Humphrey, 512 U.S. 477 (1994), and res judicata; and (2) the court abused its discretion in denying his Fed.R.Civ.P. 15(a) motion for leave to amend his complaint.  After careful review, we reverse and remand.

We review the district court's sua sponte dismissal of a claim as frivolous under 28 U.S.C. § 1915A for abuse of discretion.  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).  We review the denial of a motion to amend a complaint for abuse of discretion.  Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co., 470 F.3d 1036, 1040 (11th Cir. 2006).

Under Heck, if a judgment for a § 1983 plaintiff "would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  512 U.S. at 487.  The rule in Heck applies with equal force to suits against federal officials.  See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1998).  This kind of action is not barred, however, where the action, "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff . . . ."  Heck, 512 U.S. at 487 (emphasis in original). Thus, the Supreme Court and this Court have held that a prisoner action seeking access to DNA evidence under § 1983 is not barred by Heck because obtaining this

2

evidence does not necessarily demonstrate or even imply that his conviction is invalid.  See Skinner v. Switzer, 562 U.S. __, __, 131 S.Ct. 1289, 1298-99 (2011) (holding that success in the plaintiff's suit for DNA testing would not "necessarily imply" the invalidity of his conviction) (quotation omitted); Bradley v. Pryor, 305 F.3d 1287, 1290 (11th Cir. 2002) (holding that, even if plaintiff prevailed in his lawsuit for access to evidence for the purpose of DNA testing, nothing in that result necessarily demonstrates or implies that his underlying conviction is invalid).

Here, the district court erroneously dismissed McLaughlin's complaint to the extent that it did so on the basis that he was "complaining about his federal criminal arrest and sentence."  In the instant complaint, McLaughlin does not attempt to overturn his conviction.  Instead, he seeks access to evidence that he claims he has requested through the FOIA and state procedures, and that the defendants have refused to provide to him.  Thus, as in Bradley, McLaughlin "prevails in this lawsuit once he has access to that evidence or an accounting for its absence.  Nothing in that result necessarily demonstrates or even implies that his conviction is invalid."  305 F.3d at 1290.  Whether this evidence exists or the defendants correctly refused to give it to McLaughlin are factual determinations that the district court did not consider, and could not have been determined by the court in its sua sponte dismissal prior to a response by the defendants.

3

The doctrine of <u>res judicata</u> prohibits the filing of claims which were raised or could have been raised in an earlier proceeding. <u>United States v. Barnette</u>, 10 F.3d 1553, 1561 (11th Cir. 1994). As applied here, whether McLaughlin's prior state court litigation would bar some or all of his claims against the Pasco County Sheriff's Office ("PCSO") involves factual issues that were not addressed by the district court and should be decided by the district court in the first instance. Moreover, to the extent that the district court concluded that McLaughlin could have raised the instant claims in his earlier criminal case, the record does not support this conclusion. Nor does the record support the conclusion that McLaughlin raised these claims in his prior § 2255 motion. As a result, we are compelled to reverse the district court's judgment and remand for further proceedings.

We also agree with McLaughlin that the district court abused its discretion in denying his motion for leave to amend his complaint. Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a required responsive pleading. Fed.R.Civ.P. 15(a)(1). After the time for allowing amendments to the complaint as a matter of course has passed, amendments are permissible only with the opposing party's written consent or the court's leave, which the court "should freely give . . . when justice so requires." Fed.R.Civ.P. 15(a)(2). The Supreme Court has held

that, in the absence of a reason like "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," the leave sought should be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (quotation omitted). Moreover, when a more carefully drafted complaint might state a valid claim for relief, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, while a litigant must generally be given an opportunity to amend his complaint, a district court need not allow an amendment where it would be futile. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id.

FOIA requires a federal agency, upon a request for records that reasonably describes documents held by that agency, to make those documents promptly available to any person unless a statute exempts the information from disclosure. 5 U.S.C. § 552(a)(3), (b). Under FOIA, the district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §

5

552(a)(4)(B). A plaintiff may therefore sue in federal court upon a showing that a federal agency has improperly withheld its records following a FOIA request. Id.

Here, the district court abused its discretion in denying McLaughlin's motion to amend his complaint. It denied McLaughlin the opportunity to amend his complaint at least one time before it dismissed the action with prejudice, and it is not clear that an amendment to his complaint would be futile. See Cockrell, 510 F.3d at 1310; Silva, 351 F.3d at 1048-49. As we've discussed above, his claim is not barred by Heck or res judicata. Nor is there any apparent reason that the district court should have denied the leave McLaughlin sought, which, as the rules require, should be "freely given." See Foman, 371 U.S. at 182. Accordingly, we reverse the district court's judgment and remand for further proceedings.

**REVERSED AND REMANDED.**