[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11737
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-81317-KLR


MICHAEL D. HILDERBRANDT,

Plaintiff-Appellant,

versus

L. T. BUTTS,
GEO,
MS. SLAUGHTER,
GEO, in their individual and official capacities,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 11, 2013)

Before CARNES, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Hilderbrandt is a state prisoner at Southbay Correctional Facility in Florida. He sued two Southbay employees — Lieutenant Butts and Classification Officer Slaughter — for violations of his Eighth and Fourteenth Amendment rights, seeking damages under 42 U.S.C. § 1983. The district court dismissed his complaint sua sponte for failure to state a claim without granting him leave to amend. Hilderbrandt appeals that dismissal, arguing that the district court erred in (1) dismissing his Fourteenth Amendment claim, and (2) not giving him an opportunity to amend his complaint.[1]

## I.

On February 3, 2012, officers at Southbay searched Hilderbrandt's cell for contraband. The officers found some contraband, and Hilderbrandt was placed in administrative confinement that same day "for 3-12 possession of any other contraband." A disciplinary hearing occurred on February 9, 2012, in which Lieutenant Butts and Officer Slaughter reviewed the evidence of Hilderbrandt's infraction. Hilderbrandt alleged the following occurred at the hearing: "[He] pointed out to Defendants Butts and Slaughter that a procedural error ha[d] occurred because the [disciplinary report] ha[d] two d[e]scriptions (3-7) D.R. was (3-12) with the d[e]scription crossed out and the charge changed to 3-7 possession

---

[1] Hilderbrandt's brief also contends that a jury trial was necessary to determine whether Butts and Slaughter were entitled to qualified immunity. Our determination that the complaint failed to state a claim under § 1983 renders that contention academic.

of stimulant." Hilderbrandt contends that this was a violation of Florida Administrative Code Rule 33-601.307(4)(b), which he claims required Butts and Slaughter to rewrite the entire disciplinary report. At the end of the hearing, Butts and Slaughter found Hilderbrandt guilty of the charged infraction and sentenced him to sixty days of disciplinary confinement and 180 days of forfeited gain time.

Hilderbrandt appealed that decision to the warden three days later. On February 23, 2012, the warden sided with Hilderbrandt, expunged the disciplinary report from his record, and restored his gain time. Hilderbrandt had spent a total of twenty days in administrative and disciplinary confinement by the time of that decision. Hilderbrandt alleged that for the first seventeen of those days he was denied a change of clothes and was not given shampoo, deodorant, soap, glasses, or writing paper.

Based on those events, Hilderbrandt brought suit in forma pauperis under 42 U.S.C. § 1983 against Butts and Slaughter for violating his Eighth and Fourteenth Amendment rights.[2] The case was assigned to a magistrate judge, who reviewed the complaint and recommended that the district court dismiss the due process

---

[2] After reviewing Hilderbrandt's complaint and initial brief, we construe Hilderbrandt's Fourteenth Amendment claim as one asserting a violation of procedural due process. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

claim for failure to state a claim and close the case.[3]  The district court adopted the magistrate judge's report and recommendation, dismissing Hilderbrandt's suit with prejudice.[4]

## II.

Federal courts must dismiss complaints brought by prisoners in forma pauperis if they fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint states a claim if it contains enough factual allegations to raise a right to relief "above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).  We keep in mind, however, that pleadings from pro se litigants must be "liberally construed." Tannenbaum, 148 F.3d at 1263.

If a more carefully drafted complaint might state a claim, a pro se plaintiff must get at least one chance to amend his complaint before a district court dismisses his suit with prejudice.  Silva v. Bieluch, 351 F.3d 1045, 1048–49 (11th Cir. 2003).  Dismissal with prejudice may still be appropriate, however, if granting leave to amend would be futile.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th

---

[3] The report and recommendation did not discuss whether Hilderbrandt had stated a claim for an Eighth Amendment violation; however, Hilderbrandt did not mention that omission in his objections to the report and recommendation.

[4] The district court also failed to address Hilderbrandt's Eighth Amendment claim. However, Hilderbrandt does not argue on appeal that the district court erred in dismissing his suit without evaluating his claim under the Eighth Amendment.  Accordingly, he has abandoned that issue.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id.

We review de novo claims dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), taking the allegations in the complaint as true. Douglas v. Yates, 535 F.3d 1316, 1319–20 (11th Cir. 2008). We also review de novo whether amending a complaint would be futile. Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999).

The district court properly dismissed Hilderbrandt's due process claim with prejudice because amendment would have been futile. A valid claim under § 1983 for a procedural due process violation must show three elements: "a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Amendment would have been futile because Hilderbrandt has not alleged or even suggested any facts that, taken as true, would satisfy the third required element.[5]

The complaint claims that Butts and Slaughter violated Hilderbrandt's due process rights at the disciplinary hearing by not following procedural requirements set out in Florida Administrative Code Rule 33-601.307(4), which allegedly

---

[5] Because it is not necessary for the disposition of this case, we express no opinion on whether the length and conditions of Hilderbrandt's confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that would qualify as a liberty deprivation implicating due process. Sandin v. Conner, 515 U.S. 472, 484–85, 115 S.Ct. 2293, 2300–01 (1995).

required that his entire disciplinary report be rewritten when one of the listed charges was removed.  However, Hilderbrandt's due process claim misses the mark by equating state-law administrative procedure with constitutional due process.  Federal due process does not require that state prison officials strictly comply with administrative regulations governing disciplinary hearings in the prison setting.  See O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011).  Instead, due process merely requires that prisoners receive: (1) "advance written notice of the charges against them"; (2) "an opportunity . . . to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals"; and (3) "a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action."  Id. (citing Wolff v. McDonnell, 418 U.S. 539, 563–67, 94 S.Ct. 2963, 2978–80 (1974)).  Hilderbrandt does not suggest that he could truthfully allege that any of those requirements were not satisfied.  Thus he did not, and cannot, show that he received constitutionally inadequate process, and amendment of his complaint would have been futile.  Accordingly, the district court properly dismissed his complaint with prejudice.

**AFFIRMED.**