[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13712
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-61471-KMW

THOMAS S. ROSS,

Plaintiff-Appellant,

versus

APPLE, INC.,
a California corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2018)

Before MARTIN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Thomas S. Ross, proceeding pro se, appeals following the district court's dismissal after denying leave to amend his complaint alleging copyright infringement against Apple, Inc. ("Apple").  We affirm.

## I. BACKGROUND

In 2016, Ross filed a complaint against Apple alleging misappropriation of intellectual property and copyright infringement.  He stated that he had invented an electronic reading device ("the Device") and applied for a patent on it in 1992.  He asserted that he had envisioned a range of uses for the Device, including reading books and news, viewing photographs and videos, making phone calls, and keeping notes.  He said that he had created three technical drawings of the Device, which he contended became his intellectual property upon creation in 1992.  He then stated the patent application was declared abandoned in 1995 for failure to pay the application fee.  He said that he had registered his copyrights on the drawings of the Device in 2015.

Ross contended that Apple had systematically searched for abandoned and discarded ideas to patent and exploit.  He stated that, in 2007, Apple began using images of products, including iPhones, iPods, and iPads, that were substantially similar to his drawings of the Device and embodied its "non-functional aesthetic look and feel."  Accordingly, Ross alleged numerous counts of copyright

2

infringement based on the visual similarities between his drawings and Apple's products.[1]

Apple moved to dismiss the complaint, arguing that Ross had failed to state a copyright claim. It stated that, while he might hold a copyright on the expressive elements of his patent application, he could not hold a copyright on the idea for the Device and he had not identified how Apple had copied any expressive, non-utilitarian elements. It also argued that Ross had not identified any specific infringing work but instead referred generally to various models of Apple products. Apple contended that Ross had failed to allege any evidence of direct copying and only speculated that it was possible that Apple had accessed his patent applications. He also had not identified any non-functional elements of his Device that were similar to Apple's products; the only similarities between its products and the drawings of the Device were being rectangular, handheld electronic devices with screens, hardly unique expressive elements.

In December 2016, the district court granted Apple's motion to dismiss. The court found that Ross had not alleged any facts to show when or how Apple copied elements of his original works. It stated that the presence of the patent application in the public record coupled with generalized statements about Apple's culture of stealing others' ideas was insufficient to show that the company copied or had

---

[1] Ross also alleged misappropriation and unjust enrichment; however, he did not include those claims in his proposed amended complaint and has not challenged their dismissal on appeal.

3

access to the patent application.  The court also found that Ross had not sufficiently alleged substantial or striking similarity because he merely asserted that the "overall look and feel" of Apple's products was the same as the Device.

In January 2017, Ross moved for leave to file an amended complaint.  With his motion he submitted a proposed amended complaint and asserted that nothing like the Device existed when he designed it in 1992 and that Apple and other tech companies began releasing handheld digital notepads and tablets in 1993, but their designs were bulky and none matched the "elegant look and feel" of the Device. Ross asserted one claim for copyright infringement, pursuant to 17 U.S.C. § 106, and stated that he had exclusive rights to the drawing of the Device and that Apple had violated those rights by making copies and derivatives of the drawing without his consent.

The district court denied Ross's motion for leave to amend in July 2017 and dismissed the case without prejudice.  First, the court stated that the idea for the Device depicted in Ross's drawing could not be the basis for a claim that Apple infringed on his rights to the drawing.  The court found that the proposed amended complaint, like the original complaint, failed to distinguish between the drawing and the Device that it depicted.  Second, the court found that, even if the proposed amended complaint alleged infringement of expressive elements, Ross had failed

to allege facts showing Apple copied or had a reasonable opportunity to access the drawing.

Ross appealed and designated the court's July 2017 Order for review. On appeal, he argues that his 1992 drawing of the Device depicted artistic, ornamental elements and he showed that Apple's line of electronics infringed on his copyright to those elements because they were strikingly similar.

## II. DISCUSSION

A district court's denial of leave to amend the complaint is reviewed for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1239 (11th Cir. 2011). A legal determination that a proposed amendment to the complaint would be futile is reviewed de novo. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).

Pro se filings are held to a less stringent standard than those drafted by attorneys and are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, where a pro se litigant fails to raise a legal claim on appeal, he abandons that claim, and we will not review it. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Where an appellant makes only passing reference to an issue or raises it in a perfunctory manner, without providing supporting arguments or authority, that claim is considered abandoned

and need not be addressed on appeal.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Generally, a district court must sua sponte provide a pro se plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend.  *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, a district court need not allow even a pro se plaintiff leave to amend where an amendment would be futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Id.*

Two elements must be proven to establish copyright infringement: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).  As to the first prong, an "author has a valid copyright in an original work at the moment it is created—or, more specifically, fixed in any tangible medium of expression."  *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 823 n.1 (11th Cir. 1982) (citing 17 U.S.C. § 102(a)).  Copyright law never protects an idea itself, but only protects the expression of that idea.  *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999).

The design of a useful article is "considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article."  17 U.S.C. § 101.  Elements of a design for a useful item may be protected under copyright law if those elements are "ornamental" or "superfluous."  *Norris Indus. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918, 923-24 (11th Cir. 1983).  However, "functional components of useful articles, no matter how artistically designed, [are] generally . . . denied copyright protection unless they are physically separable from the useful article."  *Id.* at 924.  The Supreme Court recently held that

> the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two- or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work . . . if it were imagined separately from the useful article into which it is incorporated.

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1007 (2017).

To establish copying, the second prong of a copyright infringement claim, the plaintiff may show that the defendant (1) had access to the copyrighted work, and (2) the two works are so "substantially similar" that "an average lay observer would recognize the alleged copy as having been appropriated from the original work."  *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) (quotation omitted).  To establish access to the copyrighted work, the plaintiff must

7

show that the defendant had a reasonable possibility of viewing it — speculation, conjecture or "bare possibility" are not sufficient. *Herzog*, 193 F.3d at 1250.

If the plaintiff cannot show access, he may still prevail by demonstrating that the works are "strikingly similar." *Calhoun*, 298 F.3d at 1232 n.6. Striking similarity exists where the items are so similar in appearance that the possibility of independent creation, coincidence, and prior common source are, as a practical matter, precluded. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007).

Here, the district court did not abuse its discretion in denying Ross leave to amend his complaint. *See Covenant Christian Ministries*, 654 F.3d at 1239. As to the first prong of his infringement claim, he did not establish in his proposed amended complaint that he had a valid copyright on any element of the drawing that Apple allegedly copied. *See Beal*, 20 F.3d at 459. The idea for the Device was not subject to copyright protection; each element of the drawing that he identified was purely functional and inseparable from the idea of a handheld electronic reading device. *See Norris Indus.*, 696 F.2d at 924. None of those elements can be conceived as a work of art separate from the Device itself but are necessary parts of it. *See Star Athletica*, 137 S. Ct. at 1007.

As to the second prong, even if Ross had identified elements of his drawing that were entitled to copyright protection, his claim would still fail because he did

8

not plead facts to establish that Apple copied those elements. *See Beal*, 20 F.3d at 459. We need not review whether Ross alleged direct evidence of copying or plausibly pled that Apple had access to his drawing because he does not offer any argument in support of those issues on appeal. *See Timson*, 518 F.3d at 874. He also did not make a showing in his proposed amended complaint of striking similarity because no Apple product was so similar in appearance to the Device or any of its elements so as to preclude independent creation, coincidence, and prior common source. *See Corwin*, 475 F.3d at 1253. There is nothing unique or expressive about a handheld electronic device being rectangular with a screen.

Accordingly, we affirm the denial of Ross's motion for leave to amend and subsequent dismissal of his case.

**AFFIRMED.**