OPINION OF THE COURT
PER CURIAM.
Appellant Jose Miguel Perez, a Pennsylvania state prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 in United States District Court for the Eastern District of Pennsylvania. He claimed that Lancaster County Court of Common Pleas Judge Michael A. Georgelis (now retired), former Lancaster County District Attorney Donald R. Totaro, and former Assistant District Attorney Cheryl Onde-check violated his constitutional rights during his 1992 trial when an informant testified against him in exchange for “economic benefits.” In his civil rights complaint, Perez sought a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (hearing required where defendant shows that false statement was included in search warrant affidavit, if false statement was necessary to finding of probable cause).
The defendants moved to dismiss the complaint. In an order entered on July 22, 2008, the District Court, noting that the motion to dismiss was unopposed, granted the defendants’ motion and dismissed the complaint on the basis of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because success in the action would call into question the validity of Perez’s conviction. The court found that Perez had not met Heck’s requirement that his conviction be invalidated through available state or federal remedies.
Perez filed a timely motion for reconsideration, in which he asserted that he had not had an opportunity to respond in opposition to the motion to dismiss through no fault of his own. The District Court then gave Perez the opportunity to submit briefs in opposition to the motion. Following the submission of the briefs, the District Court, in an order entered on October 10, 2008, denied Perez’s motion for reconsideration. The court determined that there was no error in its original decision and rejected Perez’s argument that his mere request for a Franks hearing would not call the validity of his conviction into question. The court explained: “the hearing that [Perez] requests is a forum in *790 which he would prove that his conviction was invalid because the government presented false and misleading testimony against him at a suppression hearing and at trial.” The District Court did not agree that Bradley v. Pryor, 305 F.3d 1287 (11th Cir.2002), the case on which Perez relied, dictated a finding that Heck did not bar the suit because Bradley involved only the production of DNA evidence for testing. Perez appeals.
We will affirm. We have jurisdiction under 28 U.S.C. § 1291. A state prisoner’s section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of his conviction. Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (citing Heck, 512 U.S. at 486-87, 114 S.Ct. 2364). Heck was based on the Supreme Court’s desire to prevent parallel litigation over the issues of probable cause and guilt. 512 U.S. at 484, 114 S.Ct. 2364. The Court sought to prevent the possibility of two conflicting resolutions arising out of the same successful prosecution, and preclude a convicted criminal defendant from collaterally attacking his conviction through the vehicle of a civil suit. See id. Therefore, as a prerequisite to a civil suit, the Court held that a plaintiff must prove that his conviction and sentence have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court’s issuance of a writ of habeas corpus. See id. at 486-87, 114 S.Ct. 2364. A claim bearing the necessary relationship to a conviction or sentence that has not been invalidated is not cognizable. See id. at 487, 114 S.Ct. 2364.
The District Court properly determined that Heck applies to bar Perez’s civil rights action. He was convicted following a jury trial of three counts of possession with intent to distribute cocaine and one count of delivery of cocaine. Judge Georgelis sentenced him to a total term of imprisonment of 24 to 80 years imprisonment. The judgment of conviction and sentence has never been invalidated, and Perez does not suggest otherwise.[1] Bradley, 305 F.3d 1287, notes that success in a section 1983 action seeking the production of evidence for DNA testing does not necessarily demonstrate or even imply that a conviction is invalid because it is not known whether the evidence is exculpatory or inculpatory, or even lost. Therefore, we agree with the District Court that Bradley is inapposite. Perez’s challenge to the truthfulness of an informant’s statements necessarily calls into question the validity of his conviction, because the informant’s statements in Perez’s case have already been established to be inculpatory. Cf. Wilkinson, 544 U.S. at 82, 125 S.Ct. 1242 (section 1983 remains available for procedural challenges where success in action would not necessarily spell immediate or speedier release).
We will affirm the District Court’s order granting the defendants’ motion and dismissing the complaint. The appellees’ motion to be excused from filing a brief is granted.

. The defendants asserted in their motion to dismiss that the Pennsylvania Superior Court affirmed on May 2, 1994. Perez filed three state post-conviction petitions, the last of which was filed on November 3, 2005, and all of the petitions were unsuccessful.