GLD-118                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4288
_____

DANIEL L. SPUCK,
Appellant

v.

AMMERMAN J. FREDRIC,
in his official and individual capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00155)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed March 1, 2011)
_____

OPINION
_____

PER CURIAM

        Daniel L. Spuck appeals pro se from the order of the District Court dismissing his

complaint.  We will affirm the District Court's judgment but remand for administrative

purposes.

Spuck, a Pennsylvania prisoner, filed a motion for leave to proceed in forma pauperis ("IFP") in the District Court along with a proposed complaint. The complaint names as the defendant the judge presiding over Spuck's proceeding under Pennsylvania's Post Conviction Relief Act (the "PCRA"). According to Spuck, the PCRA court dismissed his PCRA petition, but the Pennsylvania Superior Court remanded to allow Spuck to amend it. Spuck alleges that the PCRA court entered a notice of intent to dismiss the petition again the day after the Superior Court's remand, which he claims was "too soon" because jurisdiction had not yet been transferred back to the PCRA court. He does not allege that the PCRA court in fact has dismissed his petition or that he otherwise has suffered any injury, but he seeks $7.2 million in damages and an order directing the PCRA court to "re-issue" the notice after it acquires jurisdiction. A Magistrate Judge recommended that the District Court dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on the ground that Spuck's claim is barred by judicial immunity. The District Court did so by order entered October 22, 2010, and Spuck appeals.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Having conducted that review, we agree that Spuck's complaint is barred by judicial immunity for the reasons adequately explained by the Magistrate Judge. We also note that Spuck has alleged no conceivably actionable injury, and we are satisfied that any attempt to amend his complaint would be

2

futile. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

Accordingly, we will summarily affirm the judgment of the District Court. See 3d Cir.

LAR 27.4 (2010).

One administrative matter, however, requires remand. When a complaint is submitted along with an IFP application, the complaint is not deemed filed unless and until IFP status is granted. See Oatess v. Sobolevitch, 914 F.2d 428, 429 n.1 (3d Cir. 1990). In that situation, the District Court must first rule on the IFP application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). See Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). In this case, the District Court did not expressly rule on Spuck's IFP application. We will construe its order as having granted that application because the order dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B), which pertains solely to IFP proceedings. Because Spuck is a prisoner, however, he is required under the Prison Litigation Reform Act to pay the full District Court filing fee in installments. See 28 U.S.C. § 1915(b)(1). Accordingly, we will remand for the District Court to enter an order expressly granting Spuck's IFP application and directing the assessment and payment of funds pursuant to the statute.