BLD-410                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2490
_____

DANIEL L. SPUCK,
                                        Appellant

v.

CLEARFIELD COUNTY, PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:13-cv-00046)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 29, 2013

Before: HARDIMAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed:  September 4, 2013)
_____

OPINION
_____

PER CURIAM

Daniel Spuck, proceeding in forma pauperis, appeals pro se the dismissal of his

complaint.  For the reasons that follow, we will summarily affirm.  See LAR 27.4; I.O.P.

10.6.

Spuck filed a complaint under 42 U.S.C. § 1983 alleging various civil rights infractions against past and present Clearfield County officials. Spuck's claims all relate to conduct during his 1996 criminal trial. Acting prior to service, the Magistrate Judge issued a report and recommendation that the complaint be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii); see also 28 U.S.C. § 1915A. The Magistrate Judge's report identified five claims,[1] all but one of which were barred by Heck v. Humphrey, 512 U.S. 477 (1994). The final claim was against Judge Fredric Ammerman, who presided over Spuck's criminal trial in Clearfield County, for failure to discover Spuck's alleged medical condition. The Magistrate Judge recommended dismissal of this claim based on the defendant's absolute immunity or, in the alternative, because the statute of limitations would have run long ago. Spuck filed objections and the District Court, after de novo review, dismissed Spuck's complaint for failure to state a claim, and denied leave to amend as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over dismissal for failure to state a claim. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim that is plausible on its face."

---

[1] Depending on how separately we view Spuck's allegations that prosecutors withheld favorable evidence, destroyed evidence, and planted false evidence, we might count more than five; but, as we explain below, we agree with the Magistrate Judge that these claims are all barred by Heck v. Humphrey, 512 U.S. 477 (1994).

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The standard requires a two-part analysis. First, we separate the complaint's factual allegations from its legal conclusions; having done that, we take only the factual allegations as true, deciding whether the plaintiff has alleged a plausible claim for relief. <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009). We review denial of leave to amend for abuse of discretion. <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 163 (3d Cir. 2010). We may affirm on any basis supported by the record. <u>Murray v. Bledsoe</u>, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Here, the District Court's conclusion that <u>Heck v. Humphrey</u> barred almost all of Spuck's claims was correct. The allegations include planting false evidence, failure to swear in the jury,[2] destroying or refusing to turn over exculpatory evidence, prosecutorial misconduct, and a claim alleging that the defendants prevented discovery of the fact that Spuck was incompetent to stand trial. <u>See, e.g.</u>, <u>Long v. Atlantic City Police Dept.</u>, 670 F.3d 436, 447 (3d Cir. 2012) (<u>Heck</u> barred claims of conspiracy to secure an erroneous conviction by use of perjury). These claims would all "necessarily imply the invalidity of his conviction" – which Spuck is still litigating.[3] <u>Heck</u>, 512 U.S. at 487. Accordingly,

---

[2] Spuck's complaint describes his entire criminal trial as defamatory because the jury was not sworn. After careful review of his complaint, we understand this to be a challenge to the jury's authority to convict him rather than the tort of defamation.

[3] Spuck's objections to the Magistrate Judge's report and recommendations admit that the conviction is still extant and his notice of appeal acknowledges that his post-conviction challenges remain pending. Spuck argues that a pending reconsideration by the Pennsylvania Superior Court means the claims are not barred by <u>Heck</u>. Like the District Court, we find this argument meritless. We note that Spuck has filed numerous

Spuck is barred from bringing them unless and until he gets a favorable termination of the related state criminal conviction and proceedings.  Id.

The remaining issue ("remaining" in that the Heck bar would not apply) is Spuck's allegation that the failure to further investigate Spuck's medical condition was a Fourteenth Amendment due process violation of his right to appropriate medical care. See Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987) (state pretrial detainees are entitled to appropriate medical care by the Due Process Clause of the Fourteenth Amendment).  It is not entirely clear who this allegation is against, but Spuck appears to make this allegation against Judge Ammerman,[4] a deputy sheriff, and a "John/Jane Doe" court administrator.

Taking as true Spuck's allegation that failure to order additional medical evaluation prevented discovery of Spuck's aphasia, this is still insufficient to plausibly establish Spuck's entitlement to relief, because it is does not approach an allegation of "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  All Spuck has

_____

unsuccessful habeas petitions, including some of the same claims we find barred by Heck here.  See In re: Daniel Luke Spuck, No. 10-2756 (3d Cir. Aug. 10, 2010) (nonprecedential).

[4] This is not the first time Spuck has attempted to sue Judge Ammerman, though the previous case was incorrectly captioned (inverting Judge Ammerman's first and last names).  See Spuck v. Frederic, No. 10-4288, 415 F. App'x 358 (3d Cir. 2011) (nonprecedential).  As noted by the Magistrate Judge, Judge Ammerman has absolute immunity from suits for damages when they arise out of his official duties.  See, e.g. Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000).

alleged is that someone could have ordered that Spuck be seen by a neurologist. Spuck has not alleged that any of the defendants knew of his alleged medical condition, nor that it would be apparent to a lay person (nor can he, as it was not diagnosed until 15 years after the events at issue). See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (analyzing required knowledge to show "deliberate indifference"); see also Woloszyn v. County of Lawrence, 396 F.3d 314, 321 (3d Cir. 2005) (discussing required mental state to establish Fourteenth Amendment Due Process violation and comparing to the Farmer standard). Spuck's complaint demonstrates this insufficiency by repeatedly characterizing the failure to secure additional medical treatment in 1996 as "negligent." See Estelle, 429 U.S. at 106 (negligence insufficient in the Eighth Amendment context). For the same reasons, we believe it was not an abuse of discretion to deny Spuck leave to amend as futile. See Connelly v. Steel Valley School Dist., 706 F.3d 209, 217 (3d Cir. 2013) (affirming denial of leave to amend as futile).

For the reasons given, we will summarily affirm the judgment of the District Court.