# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lee H. Wagner,            :
          Appellant      :
           :
      v.                :    No. 683 C.D. 2016
           :    Submitted: October 28, 2016
Allegheny County Assistant District    :
Attorney, Christopher H. Connors     :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: January 13, 2017**

Lee H. Wagner (Wagner), representing himself, appeals an order of the Court of Common Pleas of Allegheny County (trial court) that denied his petition to proceed in forma pauperis (IFP) and dismissed his complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure No. 240(j) (Rule 240(j)). In Wagner's underlying civil suit filed pursuant to 42 U.S.C. §1983 (Section 1983), he alleged that Allegheny County Assistant District Attorney Christopher H. Connors (ADA Connors) engaged in a malicious prosecution against him. The trial court determined Wagner's suit was barred by the applicable statute of limitations. Upon review, we affirm on other grounds.[1]

In March 2016, Wagner, an inmate housed at SCI-Benner Township, filed a complaint against ADA Connors under Section 1983. Through his

---

[1] We may affirm an order for any reason, regardless of the trial court's rationale, so long as the basis for our decision is clear on the record. Guy M. Cooper, Inc. v. E. Penn Sch. Dist., 903 A.2d 608 (Pa. Cmwlth. 2006).

complaint, Wagner alleged ADA Connors prosecuted a criminal case against him in Allegheny County that resulted in Wagner's conviction for aggravated indecent assault and his acquittal for simple assault.

More particularly, Wagner averred ADA Connors engaged in a malicious prosecution because Connors was "unable to properly prosecute without impeaching the [indecent assault] complainant … [and] the police, who issued the arrest warrant, and whose testimony should have provided the foundation for the prosecution [could not] testify for the Commonwealth without impeaching the complainant." Compl. at ¶6. Wagner further alleged a hospital worker who recorded the complainant's statement did not testify for the Commonwealth and this testimony "would have impeached the [Commonwealth's] only witness." Compl. at ¶7. Wagner also averred the Commonwealth did not "publish the complainant's prompt outcry to [the] jury; this version clearly manifests the crime as reported to the police never occurred." Compl. at ¶8.

Wagner also alleged ADA Connors was aware that the complainant refused a "crime kit" while at the hospital, and this fact alone should have barred the prosecution against him. Compl. at ¶9. Wagner averred ADA Connors was well aware of these deficiencies before trial, and he made a conscious decision to violate Wagner's established civil rights. Wagner alleged that when ADA Connors "brought this case to trial … he hid key testimony out of sheer trepidation of impeaching his only witness" in violation of Wagner's due process and civil rights. Compl. at ¶11. Wagner also averred he "has appealed his wrongful conviction throughout the Pennsylvania court system." Compl. at ¶12.

2

Based on these averments, Wagner set forth the following "legal claims." Compl. at 3. A prosecutor's duty is to seek justice and not to use improper methods calculated to produce a wrongful conviction. <u>Darden v. Wainwright</u>, 477 U.S. 168 (1986). ADA Connors' actions were systemic and solely designed to produce a wrongful conviction. Had ADA Connors not obfuscated key parts of the prosecution, Wagner alleges, his criminal case would have resulted in a different outcome.

Taken in the context of a fair trial as a whole, Wagner alleged he could prove ADA Connors' actions violated clearly established rights. ADA Connors knowingly allowed the complainant to provide testimony he knew was false. Wagner further alleged ADA Connors was legally obligated to refuse to prosecute when key evidence could not be admitted without impeaching his only witness. <u>Drake v. Portuondo</u>, 553 F.3d 230 (2d Cir. 2009); <u>U.S. v. Mason</u>, 293 F.3d 826 (5th Cir. 2002). Wagner averred the constitutionally defective malicious prosecution resulted in a violation of Article I, Section 9 of the Pennsylvania Constitution and "each of the first ten Amendments of the U.S. Constitution." Compl. at ¶15. As a result, he sought a declaration that these acts and omissions violated his constitutional rights and damages of $1.1 million. Additionally, he filed a petition to proceed IFP.

Initially, the trial court dismissed Wagner's complaint without prejudice because it did not include a verification. Wagner subsequently filed a verification.

Thereafter, the trial court denied Wagner's petition to proceed IFP and dismissed his complaint as frivolous. In its order, the trial court explained:

> AND NOW, this 12th day of April, 2016, [Wagner's] *pro se* Complaint docketed March 3, 2016, and verified on April 1, 2016, is dismissed as frivolous under [Rule 240(j)] because it is barred by the statute of limitations, 42 Pa. C.S. § 5524. The Complaint is a 'civil action authorized by 42 U.S.C.§ 1983.' Complaint, ¶ 1. It alleges that [ADA Connors], a former Allegheny County assistant district attorney, committed misconduct during the prosecution of [Wagner] at CC 199611280 in the Criminal Division of this Court. Judicial notice is taken that the prosecution ended on May 12, 1997, the date [Wagner] was sentenced. The request to proceed [IFP] is dismissed as moot.

Tr. Ct. Order, 4/12/16 (footnote omitted). Wagner now appeals to this Court.

On appeal,[2] Wagner states seven issues.[3] Generally, he challenges the trial court's determination that his suit is barred by the statute of limitations. He

---

[2] Our review of an order disposing of a petition for leave to proceed IFP and the underlying complaint pursuant to Rule 240(j) is limited to determining whether the trial court violated a party's constitutional rights, abused its discretion, or committed an error of law. Thomas v. Holtz, 707 A.2d 569 (Pa. Cmwlth. 1998).

[3] In particular, Wagner presents the following issues:

> 1. Did the 'continuing wrong doctrine' make [Wagner's] complaint timely?
>
> 2. Did [ADA Connors'] prosecution of [Wagner] meet the standard of a malicious prosecution?
>
> 3. Did [ADA Connors'] continued prosecution of [Wagner] after he was aware the cornerstones of any other prosecution could not be employed without impeaching the complainant violate [Wagner's] civil rights?

4

further contends ADA Connors' actions and omissions in prosecuting the criminal case against him meet the standard for a malicious prosecution.

> Pursuant to Rule 240(j):
>
> [I]f, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa. R.C.P. No. 240(j). An action is frivolous under Rule 240(j) if, "on its face, it does not set forth a valid cause of action." McGriff v. Vidovich, 699 A.2d 797, 799 (Pa. Cmwlth. 1997); see also Bennett v. Beard, 919 A.2d 365 (Pa. Cmwlth. 2007).

---

4. Did [ADA Connors'] actions cause the forfeiture of all immunities?

5. Did [ADA Connors'] failure to correct testimony he knew to be false violate [Wagner's] civil rights?

6. Did [ADA Connors'] introduction as evidence the prompt outcry [sic] of the complainant and the police and hospital reports after he was aware the complainant was going to testify each record was fraught with what the complainant testified as things she never said violate [Wagner's] civil rights?

7. Did [ADA Connors] implicate the Commonwealth of Pennsylvania by allowing testimony he knew to be false to be admitted as evidence?

Appellant's Br. at 4 (Statement of Questions Involved).

With regard to the viability of Wagner's Section 1983 claim, the U.S. Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Interpreting Heck, the Third Circuit further explained (with emphasis added):

> Heck determined that [the above described] requirement emanated from § 1983 itself. Recognizing that § 1983 creates a particular kind of liability for constitutional torts, the Court turned to common-law tort principles to inform its interpretation of the federal civil rights statute. It first concluded that the common-law tort of malicious prosecution 'provides the closest analogy' to § 1983 claims for damages predicated on the unconstitutionality of a conviction or sentence. [Id. at 484.] That being so, § 1983 claims of this sort, like the common-law cause of action for malicious prosecution, require a showing that the prior criminal proceeding terminated in the plaintiff's favor. …

Deemer v. Beard, 557 F. App'x 162, 164-65 (3d Cir. 2014).

Heck was "based on the Supreme Court's desire to prevent parallel litigation over the issues of probable cause and guilt" and to "prevent the possibility of two conflicting resolutions arising out of the same successful prosecution, and preclude a convicted criminal defendant from collaterally attacking his conviction through the vehicle of a civil suit." Perez v. Georgelis, 351 F. App'x 788, 790 (3d Cir. 2009). As such, a state prisoner's Section 1983 action is barred, no matter the relief sought (damages or equitable relief), if success in that action would necessarily demonstrate the invalidity of his conviction. Id. (citing Wilkinson v. Dotson, 544 U.S. 74 (2005)).

These principles bar Wagner's Section 1983 suit here. To that end, Wagner was convicted following a jury trial of aggravated indecent assault and indecent assault. See Court of Common Pleas of Allegheny County, Dkt. No. CP-02-CR-0011280-1996 at 2. The common pleas court ultimately sentenced him to a term of imprisonment of 5 to 10 years. Commonwealth v. Wagner (Pa. Super., Dkt. No. 103 WDA 2016, filed June 28, 2016), 2016 WL 4724058 (unreported). The judgment of conviction and sentence was never invalidated. Id. (noting that the Superior Court upheld Wagner's judgment of sentence in 2000 and no petition for allowance of appeal was filed; dismissing Wagner's *sixth* Post Conviction Relief Act[4] (PCRA) petition and noting that Wagner's five prior PCRA petitions were dismissed).

Further, the factual allegations in Wagner's complaint all relate to his claim that ADA Connors engaged in a malicious prosecution against him. Compl.

_____

[4] 42 Pa. C.S. §§9541-9546.

at ¶¶6-11. This claim would "necessarily imply the invalidity of his conviction or sentence[,]" Heck, 512 U.S. at 487, which Wagner unsuccessfully litigated. Id. (inmate's Section 1983 suit alleging prosecutors and an investigator knowingly destroyed evidence, used an unlawful voice identification procedure, and engaged in other misconduct, was barred where inmate did not successfully challenge his criminal conviction); Spuck v. Clearfield Cnty., Pennsylvania, 540 F. App'x 73 (3d Cir. 2013) (where plaintiff did not obtain favorable termination of criminal conviction, Section 1983 suit, which included allegations of planting false evidence, destroying or refusing to turn over exculpatory evidence and prosecutorial misconduct, was barred under Heck). Thus, because he did not obtain a favorable termination in his related criminal proceedings, Wagner is barred from bringing his Section 1983 suit against ADA Connors. Heck; Spuck; Perez.

In short, Wagner's complaint is based on the fundamentally flawed legal premise that he can sue an assistant district attorney for civil rights violations arising out of his prosecution even though he stands convicted of aggravated indecent assault and indecent assault in that case. Because this premise is incorrect, his complaint fails as a matter of law. Thus, on its face, Wagner's Section 1983 suit does not set forth a valid cause of action. Accordingly, we affirm on other grounds.[5]

ROBERT SIMPSON, Judge

---

[5] Based on our disposition, we need not address the trial court's determination that Wagner's suit was barred by the applicable statute of limitations.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lee H. Wagner,                           :
                Appellant      :
                                            :
                v.               :       No. 683 C.D. 2016
                                            :
Allegheny County Assistant District      :
Attorney, Christopher H. Connors         :

# **O R D E R**

**AND NOW**, this 13th day of January, 2017, the order of the Court of Common Pleas of Allegheny County is **AFFIRMED** on other grounds.

 

_____
ROBERT SIMPSON, Judge